STEVEN D. ZAVODNICK, ESQ. (CA State Bar No. 135419)
Attorney at Law
P.O. Box 33247
Los Gatos, California 95031-3247
Telephone: (408) 399-3100
Facsimile: (408) 356-1255

Attorney for Plaintiff JAMES LEE STEWART

FILED
2007 AUG -8  A 10: 21
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

E-FILING
#8
Fee Pd
NP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C07 04061 RS

| | |
|---|---|
| JAMES LEE STEWART, an individual, | Case No.: |
| Plaintiff, | COMPLAINT |
| Vs. | **(Declaratory Relief)** |
| LELAND STANFORD JUNIOR UNIVERSITY, | |
| Defendant. | |

Complaint

1

## Nature of Action

1.

Plaintiff James Lee Stewart ("Stewart") seeks declaratory relief to order Defendant Leland Stanford Junior University (the "University") to arbitrate his grievances against the University pursuant to an agreement entered into between United Stanford Workers Local 715, S.E.I.U., AFL-CIO (the "Union") and The Board of Trustees of the Leland Stanford Junior University dated September 1, 2003 (the "Agreement").

## Jurisdiction and Venue

2.

This court has jurisdiction under 28 U.S.C. § 1331 (federal question). Declaratory relief is proper pursuant to 28 U.S.C. § 2201 (declaratory judgment) and 5 U.S.C. § 702 (Administrative Procedures Act).

3.

Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402(a)(1)

## Parties

4.

Mr. Stewart is an individual residing in San Jose, California, who was employed as a painter from November 1997 through his termination by the University in October, 2004.

5.

The University is an academic and research institution with its campus located in Palo Alto, California.

## The Agreement

6.

Mr. Stewart's employment was governed by an agreement entered into between United Stanford Workers Local 715, S.E.I.U., AFL-CIO and the University dated September 1, 2003

Complaint

2

(the "Agreement"). Mr. Stewart did not participate in the negotiation nor agree to the terms of this Agreement. Mr. Stewart was a party to the Agreement solely by being a member of Local 715, which membership was a condition precedent of his being employed by the University.

7.

The Agreement contains a dispute resolution procedure to address any grievances and arbitration. Mr. Stewart fully and timely complied with all of the requirements necessary on his part to initiate a grievance against the University pursuant to Paragraph 15 (b) of the Agreement. Mr. Stewart has never withdrawn, dismissed, or otherwise terminated his filed grievances against the University.

8.

However, when Mr. Stewart requested that he be represented by independent legal counsel in the grievance proceedings, he was denied by the University without explanation. Confronted with the termination of his job, concerned about the role of the Union in his termination and their effectiveness as his representative, and then denied the right to have an attorney represent him, Mr. Stewart initiated a civil action entitled *James Lee Stewart vs. Leland Stanford, Jr. University, et al* being Case Number C 05-04131 RS on June 21, 2005 against the University in the Superior Court of the State of California, County of Santa Clara, alleging three causes of action: (1) wrongful termination; (2) breach of contract; and (3) breach of implied contract against the University.

9.

On October 12, 2005, the University filed a Notice of Removal of Action under 28 U.S.C. Section 1441(b) (Federal Question).

Complaint                                3

10.

On October 17, 2005, the University filed a Motion to Dismiss for Preemption (§ 301, 29 U.S.C. § 185) and for Failure to State a Claim upon Which Relief Can Be Granted (F.R.C.P. 12 (b) (6)).

11.

On March 20, 2006, proceedings were held before The Honorable United States District Judge James Ware to consider the University's Motion to Dismiss. The sole issue argued before the Court was whether the University's refusal to allow Mr. Stewart to have independent counsel represent him in his grievances breached the Agreement and allowed Mr. Stewart to proceed in Federal Court rather than through the dispute resolution procedure.

12.

The Court granted the University's Motion to Dismiss stating that Mr. Stewart's claim "is covered by the (Collective Bargaining) Agreement".

13.

Immediately thereafter and to date, Mr. Stewart, both individually, through the Union, and through Counsel, have requested that the University arbitrate his grievances as set forth by the Agreement. The University has alternatively ignored and/or refused this request without explanation.

**Claim for Relief**
**(Declaratory Judgment)**

14.

Mr. Stewart realleges and incorporates by this reference the allegations of paragraphs 1-13.

Complaint

4

15.

Mr. Stewarts contends that he is entitled to have his grievances arbitrated as provided for by the Agreement. The University refuses to do so with no explanation.

16.

There is a present justiciable controversy between the parties as to whether Mr. Stewart be permitted to proceed with the dispute resolution process against the University as set forth by the Agreement. Declaratory relief is appropriate to resolve this controversy.

17.

Mr. Stewart asks this court to declare that Mr. Stewart is permitted to proceed with the dispute resolution process against the University as set forth by the Agreement forthwith.

18.

Pursuant to 28 U.S.C. §§ 1920 and 2412 (a) (1), Mr. Stewart is entitled to recover his costs of suit. Pursuant to 28 U.S.C. § 2412(b) and (d) (1) (A), Mr. Stewart is entitled to recover reasonable attorney fees incurred in connection with this litigation.

WHEREFORE, Mr. Stewart requests entry of judgment:

1. Declaring that Mr. Stewart is permitted to proceed with the dispute resolution process against the University as set forth by the Agreement;

2. Awarding Mr. Stewart his reasonable attorney fees and costs of suit; and

3. Awarding Mr. Stewart such other relief as the court deems equitable and just.

DATED this 20 day of July, 2007.

Respectfully submitted,

STEVEN D. ZAVODNICK
Attorney for Plaintiff JAMES LEE STEWART

Complaint