1  MICHAEL T. LUCEY (SBN: 99927)
   CAROL C. COPSEY (SBN: 110375)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  STANFORD UNIVERSITY

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES LEE STEWART, an individual,    )  CASE NO.  C 07 04061
                                        )
12                 Plaintiff,           )
                                        )
13                                      )  Date:        September 15, 2008
              vs.                       )  Time:        9:00 a.m.
14                                      )  Courtroom:   8, 4th Floor
                                        )  Judge:       Hon. James Ware
15 LELAND STANFORD JUNIOR               )
   UNIVERSITY,                          )
16                                      )
                   Defendant.           )
17                                      )
                                        )
18

19    **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE
      CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6) AND
20    SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES \**
            Fed. Rules of Civ. Proc., Rule 12(b)(6); Local Rule 7-2
21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................................................................1

II.   FACTUAL BACKGROUND ........................................................................................2

    A.    Stanford Suspended and Repeatedly Warned Plaintiff Before Terminating
        Him on Multiple Grounds.......................................................................................3

    B.    The Union Dropped One Grievance and Withdrew All of Plaintiff's
        Remaining Grievances ...........................................................................................3

    C.    Plaintiff's 2005 Action.........................................................................................4

    D.    Plaintiff's Declaratory Relief Action ...................................................................5

    E.    The CBA Provisions .............................................................................................6

III.  LEGAL DISCUSSION ................................................................................................7

    A.    The LMRA is the Basis for Subject Matter Jurisdiction and Preempts
        Plaintiff's Claims .................................................................................................7

        1.    Plaintiff Does Not Properly State Jurisdiction Under the
            Declaratory Relief Act and APA. ............................................................7

        2.    The Complaint is for an Alleged Violation of a CBA between an
            Employer and Labor Organization ..........................................................8

        3.    The LMRA is the Basis for Subject Matter Jurisdiction and is the
            Preemptive Governing Law. ....................................................................9

    B.    A Motion to Dismiss is Appropriate to Resolve Failure to Exhaust
        Remedies..............................................................................................................10

    C.    Dismissal Must Be Granted Because Plaintiff Failed to Exhaust His
        Exclusive Remedy Through His Exclusive Representative Under the
        Grievance and Arbitration Under the CBA. .........................................................11

        1.    Plaintiff's Union Withdrew His Grievances Prior To Exhausting
            the Steps Outlined Under the Grievance and Arbitration Procedure
            of the CBA. .............................................................................................12

        2.    Plaintiff's Union's Withdrawal of Grievances "Without Prejudice
            or Setting Precedent" Did Not Allow Him to Bypass the CBA,
            Including The Requirement That The Union Was His Exclusive
            Representative. .........................................................................................13

        3.    Plaintiff's Notification To His Union That He Requested The
            Union No Longer Represent Him, So Was Of No Consequence. .............13

        4.    The Union's 2007 Request To Arbitrate Plaintiff's Inactive
            Grievances Did Not Fulfill Plaintiff's Obligation To Exhaust His
            Contractual Remedies Under The CBA....................................................15

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-i-

# TABLE OF CONTENTS
(continued)

Page

D.    Plaintiff Cannot State a Claim against His Union for Breach of Duty of Fair Representation ...................................................................... 15

E.    The Complaint should be Dismissed Without Leave to Amend ........................... 16

IV.    CONCLUSION ................................................................................ 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6)

## TABLE OF AUTHORITIES

Page

1

**Cases**

2

*Carter v. Health Net of Calif., Inc.*
   374 F. 3d 830 (9th Cir. 2004) ........................................................................ 8

*Carter v. Norfolk Comm. Hospital Ass'n.*
   761 F.2d 970 (4th Cir., 1985) ...................................................................... 16

*Clayton International Union*
   (1961) 451 U.S. 679 ..................................................................................... 15

*Conley v. Gibson*
   355 U.S. 41 (1957) .................................................................................. 10, 16

*Cotter v. Daimler Chrysler*
   (2000, E.D. Mich.) 87 F.Supp.2d 746 ........................................................ 12

*Del Costello v. Intl. Brd. Of Teamsters*
   462 U.S. 151 (1983) ..................................................................................... 16

*Eminence Capital, LLC v. Aspeon, Inc.*
   316 F.3d 1048 .............................................................................................. 16

*Emporium Capwell Co. v. Western Additional Community Org.*
   420 U.S. 50 (1977) ....................................................................................... 14

*Faust v. RCA*
   657 F. Supp. 614 (1986, D. Pa.) ................................................................. 12

*Franchise Tax Board v. Construction Laborers Vacation Trust*
   463 U.S. 1 (1983) ........................................................................................... 7

*Gangemi v. General Electric Company*
   *532 F.2d 861 (1976, 2d Cir.)* ...................................................................... 15

*Global Network Communications, Inc. v. City of New York*
   458 F.3d 156 (2nd Cir. 2006) ........................................................................ 5

*Gully v. First National Bank*
   299 US 109 (1936) .......................................................................................... 8

*Henson v. CSC Credit Servs.*
   29 F.3d 280 (7th Cir. 1994) ........................................................................... 4

*Hines v. Anchor Motor Freight, Inc.*
   424 U.S. 554 ................................................................................................. 15

*In re Colonial Mortg. Bankers Corp.*
   324 F.3d 12 (1st Cir. 2003) ........................................................................... 4

*Knievel v. ESPN*
   (9th Cir. 2005) 393 F.3d 1068 ....................................................................... 6

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6)

**TABLE OF AUTHORITIES**
(continued)

Page

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*
  507 U.S. 163 (1993) ................................................................................ 10

*MGIC Indem. Corp. v. Wesiman*
  803 F.2d 500 (9th Cir. 1986) ................................................................... 4

*North American Phillips Corp. v. Emery Air Freight Corp*
  579 F.2d 229 (2nd Cir. 1987) .................................................................. 8

*Olguin v. Inspiration Consolidated Copper Co.*
  740 F.2d 1468 (9th Cir. 1984) ................................................................. 11

*Pareto v. FDIC*
  139 F.3d 696 (9th Cir. 1998) ................................................................... 10

*Parrino v. FHP, Inc.*
  146 F.3d 699 (9th Cir. 1998) ................................................................... 5, 12

*Republic Steel Corp. v. Maddox*
  379 U.S. 650 (1965) ................................................................................ 11, 14, 15

*Ritza v. International Longshoremen's and Warehousemen's Union*
  837 F.2d 365 (9th Cir., 1988) .................................................................. 10, 11, 12

*Steelworkers v. Warrior & Gulf Navigation Co.,*
  363 U.S. 574 (1960) ................................................................................ 9

*Skelly Oil v. Phillips Petroleum Co.*
  339 U.S. 667 (1950) ................................................................................ 7

*Southland Corp. v. Keating*
  465 US 1 (1984) ...................................................................................... 8

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001) ................................................................... 10

*Studio Elec. Technicians Local 728 v. International Photographers of the Motion Picture Indus.,*
  *Local 659*
  598 F.2d 551 (9th Cir. 1979) ................................................................... 10

*Taylor v. Anderson*
  234 US 74 (1914) .................................................................................... 8

*Textile Workers v. Lincoln Mills*
  353 U.S. 448 (1957) ................................................................................ 9

*Truex v. Garrett Freightlines, Inc.*
  784 F.2d 1347 (9th Cir., 1985) ............................................................... 11

*United Broth. of Carpenters and Joiners, Local No. 1780 v. Desert Palace, Inc.*
  94 F.3d 1308 (9th Cir. 1996) ................................................................... 8

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6)

**TABLE OF AUTHORITIES**
(continued)

Page

*United Paperworkers Int. Union v. Misco, Inc.*
   484 U.S. 29 (1987) ............................................................................................ 8

*Vaca v. Sipes*
   386 U.S. 171 (1967) .................................................................................... 14, 15

*Walker v. Chrysler*
   601 F. Supp 1358 (1985 D. Del.) ...................................................................... 15

*Wallace Corp. v. NLRB*
   323 U.S. 248 (1944) ......................................................................................... 14

**Statutes**

28 U.S.C. section 1331 ............................................................................... 5, 7, 9

28 U.S.C. section 1441 ....................................................................................... 4

28 U.S.C. section 2201 .................................................................................... 5, 7

29 U.S.C. section 159 ....................................................................................... 13

29 U.S.C. section 185 ................................................................................. passim

5 U.S.C. section 701 .......................................................................................... 8

5 U.S.C. section 702 .................................................................................... 5, 7, 8

9 U.S.C. section 1 ............................................................................................. 8

Fed. Rule Civ. Proc., 15 ................................................................................... 16

**Rules**

Federal Rule of Civil Procedure rule 12 ........................................................... 10

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6)

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that on September 15, 2008 at 9:00 a.m., or as soon thereafter

3   as the matter may be heard in the above-entitled court, located at 280 First Street, San Jose,

4   California 95113, defendant LELAND STANFORD JUNIOR UNIVERSITY ("Defendant") will

5   move the Court to dismiss the action.

6   This motion is pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), Local

7   Civil Rules of the U.S. District Court for the Northern District of California, Local Rule 7-2 and

8   the Labor/Management Relations Act, 29 U.S.C. § 185, and the Complaint fails to state a claim

9   upon which relief can be granted. Accordingly, Defendant requests that this Court Dismiss

10  Plaintiff's Complaint (Declaratory Relief)) without leave to amend. The motion will be based on

11  this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities that

12  are part of this Notice of Motion, Request for Judicial Notice, supporting Declaration of Keith I.

13  Smith and the other pleadings and papers filed herein.

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
### OF DEFENDANT STANFORD UNIVERSITY'S MOTION TO DISMISS

## I.     INTRODUCTION

17  Defendant Stanford University ("Stanford") has at all relevant times been signatory to a

18  Collective Bargaining Agreement ("CBA") with United Stanford Workers Local 715 S.E.I.U.,

19  AFL-CIO ("Union"). The CBA contains a binding grievance and arbitration procedure which is

20  the exclusive remedy for addressing grievances arising out of the CBA, including grievances

21  relating to discipline of workers within the scope of the unit of coverage of the CBA. Plaintiff

22  James Stewart ("Plaintiff") a former worker of Stanford, was included within the scope of this

23  bargaining unit of the CBA, a member of the Union, and covered by its terms. Nearly four years

24  ago, in October 2004, Stanford suspended Plaintiff, issued job performance plans, and repeatedly

25  warned Plaintiff before terminating his employment on multiple grounds. The Union, which is

26  the exclusive representative for Plaintiff, initiated his grievances under the CBA, and grieved

27  Plaintiff's warnings, performance plan, and termination. In February 2005, rather than

28

-1-

1   exhausting the grievance procedure to its culminating step of final and binding arbitration, the

2   Union withdrew all grievances it had submitted on Plaintiff's behalf.

3        In 2005, Plaintiff filed a lawsuit for breach of contract, claiming Stanford "breached his

4   contract" by not allowing him counsel to represent him in his grievance.  In April 2006, this

5   Court dismissed that action as preempted by the Labor Management Relations Act "LMRA"), 29

6   U.S.C. , § 185, holding that Stanford's refusal to allow Plaintiff representation by an attorney

7   was consistent with the CBA and the law providing that the Union was Plaintiff's exclusive

8   representative.  Another year later, in April 2007, Plaintiff has again sued for Declaratory Relief

9   seeking to proceed under the CBA's grievance and arbitration process.

10       Plaintiff's Declaratory Relief action attempts to claim breach of contract against Stanford

11  under the LMRA for refusal to allow him to proceed under the CBA's grievance and arbitration

12  procedure, and once again his argument is that he was concerned about the role of the Union in

13  his termination and the Union's effectiveness as his representative.  However, a prerequisite to

14  bringing a claim for breach of a collective bargaining agreement against an employer (including

15  a claim fashioned as a petition to compel arbitration, but by which Plaintiff seeks recovery for

16  employment termination), is that a worker must have exhausted his contractual remedies of the

17  grievance and arbitration procedure, or otherwise have shown a breach of duty of fair

18  representation against his Union.  Plaintiff has done neither, and his Declaratory Relief action

19  must be dismissed without leave to amend.

20       **II.    FACTUAL BACKGROUND**

21       Plaintiff is a former employee of Stanford, where he worked as a painter from November

22  1997 through his termination October 1, 2004.  Plaintiff alleges he was included within the scope

23  of the bargaining unit of the CBA and a member of the Union.  Stanford is signatory to a

24  Collective Bargaining Agreement ("CBA"), entered into with United Stanford Workers Local

25  715, Service Employees International Union, AFL-CIO ("Union").  (Complaint for Declaratory

26  Relief, ¶ 1 ("2007 Compl.").  The CBA controls the terms and conditions of Plaintiff's

27  employment and termination and sets forth the mandatory binding and final grievance and

28  arbitration procedure.

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-2-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

**A.    Stanford Suspended and Repeatedly Warned Plaintiff Before Terminating Him on Multiple Grounds.**

On July 2, 2004, Stanford suspended Plaintiff from employment for thirty days without pay for excessive failure to follow instructions, failure to communicate worksite problems, and performance of a job assignment and violating break time policies, including improper time entry. (Declaration of Keith I. Smith in Support of Motion to Dismiss ("Smith Decl." ¶ 6)  On August 18, 2004, Stanford issued Plaintiff a performance plan and a letter of warning based on poor work quality, lack of communication, and unsatisfactory performance.  On September 20, 2004, Stanford issued Plaintiff a performance plan and final warning for inefficiency, lack of productivity, poor work quality and communications (*Id.*).  On October 1, 2004, Stanford terminated Plaintiff's employment for sick leave absence, poor efficiency, productivity, countermanding assignments and work instructions (insubordination), violating rules regarding breaks and quality of work. (*Id.*)

**B.    The Union Dropped One Grievance and Withdrew All of Plaintiff's Remaining Grievances**

The Union submitted to Stanford a total of five grievances on Stewart's behalf.  The Union first grieved Stewart's July 2004 suspension (Greivance number U-03-32), which proceeded to a Step 2 meeting under the CBA.  The Union then dropped this grievance from the grievance and arbitration procedure by not referring it to arbitration under the CBA.  (Smith Decl., ¶ 7.)

The Union grieved Stanford's discipline and termination of Stewart in four other grievances.  The Union grieved Stewart's August 18, 2004 Letter of Warning (Grievance number U-03-46).  (Smith Decl., ¶ 8.)  The Union grieved Stewart's September 20, 2004 Performance Plan and (Grievance number U-03-48) and September 20, 2004 Written Discipline (Grievance number U-03-54).  (Smith Decl., ¶¶ 9, 11.)  The Union also grieved Stewart's termination (Grievance number U-03-53).  (Smith Decl., ¶ 10.)  On February 23, 2005, the Union officially on behalf of Stewart notified Stanford that it withdrew all these grievances "without prejudice" and "not setting precedent," copying Plaintiff on its notice to Stanford.  (Smith Decl., ¶¶ 8-11.)

-3-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    The Union, as Plaintiff's exclusive representative in his grievances, has continued to

2  represent and pursue Plaintiff's grievances.  In April 2007, Union Worksite Organizer Jose

3  Navarro informed Stanford that it intended to move Plaintiff's grievances into arbitration.

4  (Smith Decl., ¶ 13).  Stanford responded that because the Union withdrew all grievances over

5  two years earlier, Stanford was not agreeable to reopening the matter.  (Smith Decl., ¶ 14).

6    **C.    Plaintiff's 2005 Action**

7    On June 21, 2005, Plaintiff commenced an action against Stanford in the Santa Clara

8  Superior Court, by filing a Complaint for Damages claiming wrongful termination and breach of

9  contract ("2005 Compl."). [1]  In his Complaint for Damages, Plaintiff alleged that on December 7,

10  2004, he sent notice to his union requesting that the Union no longer represent him in his dispute

11  over his termination.  (2005 Compl., ¶ 10).  Plaintiff also alleged that on December 13, 2004,

12  Plaintiff's counsel notified Stanford of the intention to to pursue Plaintiff's dispute through

13  counsel, and Stanford responded that it would neither recognize any action brought by Plaintiff

14  without his Union's representation nor communicate directly with Plaintiff or his counsel.  (2005

15  Compl., ¶ 9). [2]

16    In Plaintiff's 2005 action, Stanford moved for dismissal based upon Plaintiff's claims

17  being governed by the terms of the CBA, and that any remedy must be sought through

18  exhaustion of the processes outlined in the CBA.  (Jud. Not. Reg., ¶ 1(b).)  This Court found that

19  Plaintiff's claims, whether he performed his job satisfactorily and was given notice and

20  opportunity to improve, inevitably involved interpretation of the CBA.  (Jud. Not. Reg., ¶ 1(g).)

21  (Order ("Order"), 4:23.)  This Court held that Plaintiff's Complaint was preempted by section

22

23  [1] See Defendant's Request for Judicial Notice.  (Jud. Not. Reg."), ¶ 1(a).  A matter that is properly the subject of judicial notice under Federal Rule of Evidence 201 may be considered along with the complaint when deciding a

24  motion to dismiss for failure to state a claim.  *MGIC Indem. Corp. v. Wesiman* (9th Cir. 1986) 803 F.2d 500, 504 (court may take judicial notice of official records and reports on Rule 12 (b) (6) motion); *In re Colonial Mortg. Bankers Corp.* (1st Cir. 2003) 324 F.3d 12, 16, 19; *Henson v. CSC Credit Servs.* (7th Cir. 1994) 29 F.3d 280, 284.

25  The Court may take judicial notice of Plaintiff's 2005 Action.

26  [2] Defendants removed the action to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), as a suit for an alleged violation of a contract between an employer and a member of a labor organization, and therefore raises a Federal question under the Labor Management Relations Act (29 U.S.C. § 185).  (Request for Judicial Notice.)

27  Defendant Julie Hardin-Stauter, Plaintiff's supervisor, was also named Defendant, and is not named in the within Complaint for Declaratory Relief.  The Court may take judicial notice of Plaintiff's 2005 Action.

28

-4-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    301, Labor Management Relations Act, section 301, 29 U.S.C. § 185(a).  (Order, 4:23-5:8.)  This

2    Court found and held that Plaintiff's exclusive remedy for any grievance he had against Stanford

3    is the process outlined in the CBA.  (Order, 5:9-12.)

4          In the 2005 action, Plaintiff argued that Stanford breached its contract by denying Stewart

5    the right to be represented by counsel in the grievance and arbitration procedure.  Jud. Not. Reg.,

6    ¶ , 1(e).  This Court held that Stanford's refusal to allow Plaintiff representation by an attorney in

7    the grievance process was consistent with both the terms of the CBA, allowing Plaintiff two

8    Union representatives in that process, and the law providing that the Union was Plaintiff's

9    exclusive representative.  (Order, 6.)  The Court found and held that the unambiguous terms of

10   the CBA, as well as fundamental union law, required Plaintiff to seek a remedy through

11   exhaustion of the processes outlined in the CBA, that no amendment would cure this defect in

12   Plaintiff's Complaint, and this Court granted the Motion to Dismiss with prejudice.  (Order, 7.)

13   **D.    Plaintiff's Declaratory Relief Action**

14         In August 2007, Plaintiff filed the instant Complaint for Declaratory Relief.  (2007

15   Compl.)  Plaintiff alleges jurisdiction under "28 U.S.C. § 1331 (Federal question)."  2007

16   Compl., ¶ 2.  Plaintiff alleges that declaratory relief is proper pursuant to "28 U.S.C. § 2201

17   (declaratory judgment) and 5 U.S.C. § 702 (Administrative Procedures Act)."  2007 Compl., ¶ 2.

18   Plaintiff seeks to have his grievances arbitrated under the CBA, asking the Court to declare that

19   he is permitted to proceed with the grievance and arbitration process.  The gist of Plaintiff's

20   argument in his 2007 Complaint is that he was "concerned about the role of the Union in his

21   termination and their effectiveness as his representative."  2007 Compl., ¶ 8.

22         In his Declaratory Relief Complaint, Stewart alleges that he, Plaintiff, has "never

23   withdrawn, dismissed, or otherwise terminated his filed grievances" against Stanford.  2007

24   Compl., ¶ 7.[3]  Plaintiff's Union did withdraw his grievance on his behalf.  Smith Decl., ¶¶ 8, 9,

25   10, 11).

---

26   [3] The Court may consider material outside the Complaint on a Rule 12 (b) (6) motion of documents not mentioned
     in the Complaint where the authenticity of the documents is not contested and upon which Plaintiff's Complaint

27   necessarily relies.  *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706.  "This prevents Plaintiffs from
     "deliberately omitting references to documents upon which their claims are based."  *Parrino, supra*, at 146 F. 3d

28   706; *Global Network Communications, Inc. v. City of New York* (2nd Cir. 2006) 458 F.3d 150, 156-157 ("prevents
     *(Footnote continued)*

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6))

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

### E.    The CBA Provisions

Plaintiff's Complaint specifically references the existence of the CBA, that Plaintiff was subject to the CBA, and purports to plead that he complied with its exhaustion of its dispute resolution requirements.  (2007 Compl., ¶ 10.)  Plaintiff has failed to introduce the CBA, however, which is a pertinent part of his pleading.  A document will be considered on a motion to dismiss as not outside the pleading if the complaint specifically refers to it, and its authenticity is not questioned. See e.g. *Knievel v. ESPN* (9th Cir. 2005) 393 F.3d 1068 )(web pages surrounding allegedly defamatory photos of Evel Knievel not attached to complaint, authenticity not disputed, properly considered on motion to dismiss).  Stanford may therefore introduce the CBA as a part of its dismissal motion. *Id.*

The CBA states that for the purpose of having an orderly means of resolving disputes, the exclusive means for resolution of workers' and union grievances or claims against Stanford are the grievance and arbitration provision, set forth in CBA, sections 12(c)(1); 13.[4]  See Smith Decl., Exh. A ("CBA").  The CBA sets forth the grievance procedure, starting with an oral discussion with the worker's supervisor.[5]  Step Two of the grievance procedure is the filing of a

---

Plaintiffs from generating complaints invulnerable to Rule 12 (b) (6) simply by clever drafting").  Plaintiff's complaint necessarily relies on his allegation that he has never withdrawn, dismissed or terminated his grievances, but the Union withdrew them on his behalf.

[4] #12

C.   Grievances and Arbitration

1.   Purpose

The purpose of the procedure set forth below is to provide the University and the Union with an orderly means of resolving disputes which may arise between them.

Paragraph 13

The Union agrees that this procedure shall be in lieu of any other formal procedure established by the University for the resolution of grievances and shall be the exclusive means for the resolution of workers' and Union grievances or claims against the University.

Paragraph 15

A grievance is a claim by a worker against the University concerning the worker's wages, hours, working conditions, or any other conditions of employment and involving the interpretation or application of this Agreement....  The term "grievance" does not include any claim or dispute concerning an action or inaction by one or more other workers.

[5] In cases of unpaid suspension or separation, the grievance shall be submitted no later than fifteen (15) calendar days after the date the action occurred or from receipt by the worker of notice of unpaid suspension or separation.  CBA § 20   In cases of an unpaid suspension or separation, a step 2 meeting is held at the request of either party or on mutual agreement and if the Union does not accept the response at step 2, the Union may refer the grievance to

*(Footnote continued)*

---

-6-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    formal grievance signed and dated by the grievant or designated Union steward or officer,

2    containing a specific description of the basis for the claim. CBA §§ 18-19. A worker has the

3    right to have the assistance of up to two representatives of the Union (designated Steward, Union

4    officer, or worksite organizer). CBA, ¶ 40.

5    Nothing prevents the University from attempting to resolve a grievance at any time at any

6    level. Grievances should be raised and settlement attempted promptly and failure of the Union to

7    proceed within any time limit set forth shall constitute a waiver of the claim. CBA, § 41. Any of

8    the time limits in the CBA's grievance and arbitration procedure may be extended only by

9    mutual written agreements by Stanford and the Union. CBA, § 41. The CBA also provides:

10    "Precedence. No adjustment of a grievance shall set aside, or abolish or ignore any provision of

11    this Agreement. Resolutions shall in no case be deemed to be precedents which add to or detract

12    from the obligations assumed by the parties under this Agreement." CBA § 38.

13    ### III.    LEGAL DISCUSSION

14    **A.    The LMRA is the Basis for Subject Matter Jurisdiction and Preempts
      Plaintiff's Claims**

15

16    **1.    Plaintiff Does Not Properly State Jurisdiction Under the Declaratory
      Relief Act and APA.**

17    In this action, Plaintiff seeks a declaration that he be permitted to proceed with the

18    grievance and arbitration process set forth in the CBA. Declaratory Relief is a remedy, not an

19    independent basis for federal jurisdiction. *Franchise Tax Board v. Construction Laborers*

20    *Vacation Trust* (1983) 463 U.S. 1. Before declaratory relief may be granted, federal subject

21    matter jurisdiction requirements must be satisfied. *Skelly Oil v. Phillips Petroleum Co.* (1950)

22    339 U.S. 667, 671; Declaratory Relief Act, 28 U.S.C. § 2201 (federal court may grant

23    declaratory relief "in a case within its jurisdiction"). Actions for declaratory relief on the basis

24    of federal question jurisdiction must therefore "arise under" federal law. (28 U.S.C. § 1331.)

25    Plaintiff alleges federal law under the Administrative Procedures Act, 5 U.S.C. § 702.

26    2007 Compl., ¶ 2. The Federal Administrative Procedure Act ("APA") of 1946 sets up a process

27

28    final and binding arbitration. CBA 21, § 26.

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6))

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   for federal courts to directly review agency decisions.  The APA 5 U.S.C. § 702, on which

2   Plaintiff relies, provides that a person suffering legal wrong because of agency action, or

3   adversely affected or aggrieved by agency action within the meaning of a relevant statute, is

4   entitled to judicial review thereof.  "Agency" means "each authority of the Government of the

5   United States, whether or not it is within or subject to review by another agency."  5 U.S.C.

6   § 701.  Plaintiff's Declaratory Relief Complaint does not state or allege a claim for seeking

7   review of a federal agency decision, or any other claim cognizable under the APA.

8               2.      **The Complaint is for an Alleged Violation of a CBA between an
                        Employer and Labor Organization.**

9

10          Federal question jurisdiction exists where a well-pleaded complaint in a declaratory relief

11  action alleges facts that could raise a federal claim.  Under the well-pleaded complaint rule,

12  courts consider what appears in Plaintiff's statement of his claim unaided by anything alleged in

13  anticipation or avoidance of defenses the defendant may interpose.  *Taylor v. Anderson* (1914)

14  234 U.S. 74, 75-76.  The determination of whether the case "arises under" federal law, looks to

15  the allegations of Plaintiff's complaint that are essential to the cause of action.  *Gully v. First*

16  *National Bank* (1936) 299 U.S. 109, 112.  The complaint's lack of reference to federal law is not

17  controlling.  If a federal right is clearly set forth, federal question jurisdiction attaches.  (*North*

18  *American Phillips Corp. v. Emery Air Freight Corp* (2nd Cir. 1987) 579 F.2d 229, 233-234.

19          A fair construction of Plaintiff's Declaratory Relief Complaint is that it is one for

20  violation of section 301 of the Labor Management Relation Act, 29 U.S.C. § 185.[6]  Plaintiff

21  seeks a declaration of rights that he is permitted to proceed with the dispute resolution process as

22  set forth by the CBA between Union and Defendant.  (Compl. ¶ 18).  Plaintiff's complaint also

23

24  ─────────────────
    [6] The LMRA can be used as a basis for federal question jurisdiction over actions to compel arbitration. *Carter v.*
25  *Health Net of Calif., Inc.* (9th Cir. 2004) 374 F. 3d 830, 836; *United Broth. of Carpenters and Joiners, Local No.*
    *1780 v. Desert Palace, Inc.* 94 F.3d 1308, 1309 (9th Cir. 1996) (district court had jurisdiction over action to compel
26  arbitration under collective bargaining agreement under section 301 of the LMRA); *United Paperworkers Int. Union*
    *v. Misco, Inc.* (1987) 484 U.S. 29, 40 fn 9.  The Federal Arbitration Act 9 U.S.C. § 1 *et seq.* and its requirement of
27  an independent basis of federal jurisdiction (*Southland Corp. v. Keating* (1984) 465 US 1, 16) does not apply to the
    arbitration of disputes under the LMRA. See *United Paperworkers Int'l. Union v. Misco, Inc.*, *supra*, 484 U.S. 29,
28  40, n.9.

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6))

1    notes the federal law that was the basis of jurisdiction in the prior action as LMRA (29 U.S.C.

2    § 185).  (2007 Compl., ¶ 10.)

3         **3.    The LMRA is the Basis for Subject Matter Jurisdiction and is the**
              **Preemptive Governing Law.**
4

5         The Labor Management Relations Act ("LMRA") 29 U.S.C. § 185, section 301 (a) states:

6    "Suits for violation of contracts between an employer and a labor organization . . . may

7    be brought in any district court having jurisdiction of the parties without regard to the amount in

8    controversy or without regard to the citizenship of the parties."  (29 U.S.C. § 185(a).)  29 U.S.C.

9    § 185 is more than purely "jurisdictional" and it authorizes courts to fashion a body of federal

10   law for the enforcement of collective bargaining agreements and within that law specific

11   performance of promises to arbitrate grievances. See *Steelworkers v. Warrior & Gulf Navigation*

12   *Co.*, 363 U.S. 574, 577-578 (1960); *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 450-457

13   (1957).  A cognizable cause of action for breach of the promise to arbitrate, therefore, is stated

14   under 29 U.S.C. § 185.  The governing law to apply to suits for violation of contracts between an

15   employer and a labor organization is federal law fashioned from the policy of national labor

16   laws. *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957).  Therefore, this court has subject

17   matter jurisdiction, independent of the Declaratory Relief Act or APA, under the LMRA.  28

18   U.S.C. § 1331.

19        Suits claiming a breach of a CBA are governed by section 301 where the claim is

20   "substantially dependent upon analysis of the terms of an agreement between the parties in a

21   labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Lingle v. Norge*

22   *Division of Magic Chef*, 486 U.S. 399, 405 (1988).  Plaintiff's claim against Stanford to compel

23   arbitration is for breach of contract as a violation of section 301 under the LMRA.  Although it is

24   phrased as a Petition to Compel Arbitration, Plaintiff by pursuing the grievance process the

25   reinstatement and make whole remedies that were the remedies sought by his grievances.

26        Where claims are preempted by section 301 of the LMRA, the Court must dismiss them

27   or treat them as claims under § 301.  *Allis-Chalmers, supra,* 471 U.S. at 220-221.

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

-9-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

**B.    A Motion to Dismiss is Appropriate to Resolve Failure to Exhaust Remedies.**

The standard for granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is set forth in *Conley v. Gibson*, 355 U.S. 41 (1957).  A motion to dismiss under Rule 12(b)(6) should be granted where "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.

In ruling on a motion to dismiss, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).  However, the court need not accept as true conclusory allegations or legal characterizations. *Pareto, supra*, 139 F.3d at 699.  Also, the court need not accept unreasonable inferences or unwarranted deductions of fact. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Failure to exhaust the grievance process under a CBA is akin to a jurisdictional defect that does not go to the merits of the claim, and as such is properly raised in Motion to Dismiss, or to be treated as such if raised in a Motion for Summary Judgment. See, e.g., *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988); *Studio Elec. Technicians Local 728 v. International Photographers of the Motion Picture Indus., Local 659*, 598 F.2d 551, 552, fn.2 (9th Cir. 1979) (failure to exhaust intra union remedies is matter in abatement to be resolved in motion to dismiss).

In *Ritza, supra*, union members failed to exhaust internal union remedies before challenging union procedures for assigning workers.  The Ninth Circuit affirmed the dismissal of the action on a motion to dismiss, holding that even where the court's decision was based on submissions outside the pleadings, the factual issue arises in connection with a jurisdictional motion, and the court has broad discretion as to the method in resolving any factual issues as to jurisdiction.  Further, in this context, no presumptive truthfulness attaches to Plaintiff's allegations, and the existence of disputed material facts will not preclude the Court from evaluating for itself the merits of jurisdictional claims. *Ritza, supra*, 837 F.2d at 369.  The Court may make factual findings under a Rule 12 (b) (6) motion.

-10-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

**C.    Dismissal Must Be Granted Because Plaintiff Failed to Exhaust His Exclusive Remedy Through His Exclusive Representative Under the Grievance and Arbitration Under the CBA.**

Prior to bringing a claim for breach of a collective bargaining agreement against the employer, an aggrieved employee must exhaust any exclusive grievance and arbitration procedure created in a collective bargaining agreement. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652-653 (1965); *Vaca v Sipes*, 386 U.S. 171, 190 (1967); *Olguin v. Inspiration Consolidated Copper Co.* (9th Cir. 1984) 740 F.2d 1468 (employee exhausted some of his remedies, failed to pursue others in a timely manner, did not allege union breached its duty of fair representation so could not maintain a breach of contract action independent of procedural requirements of CBA); *Truex v. Garrett Freightlines, Inc.*, 784 F.2d 1347, 1353 (9th Cir., 1985) (rule requiring bargaining unit employee to exhaust contractual grievance procedure before bringing action for collective bargaining agreement prevents employee from sidestepping grievance procedures when dispute involves interpretation of contracts). Plaintiff must properly exhaust his contractual remedies under the CBA (*Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 368-9 (9th Cir., 1988)), and Plaintiff's Union was his exclusive representative for the exclusive remedy for any grievance he has against Stanford through the process outlined in his CBA and agreed to by the Union. (See Order, 5:11-12; Smith Decl., ¶5.)

> "Union interest in prosecuting employee grievances is clear. Such activity complements the union's status as exclusive bargaining representative by permitting it to participate actively in the continuing administration of the contract. In addition, conscientious handling of grievance claims will enhance the union's prestige with employees. Employer interests, for their part, are served by limiting the choice of remedies available to aggrieved employees. And it cannot be said, in the normal situation, that contract grievance procedures are inadequate to protect the interests of an aggrieved employee until the employee has attempted to implement the procedures and found them so.

> "A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation "would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements." *Republic Steel v. Maddox, supra* 379 U.S. at 650."

-11-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1.    **Plaintiff's Union Withdrew His Grievances Prior To Exhausting the Steps Outlined Under the Grievance and Arbitration Procedure of the CBA.**

Plaintiff has not exhausted the grievance and arbitration procedures.  The Union did not pursue the grievance of Plaintiff's suspension.  Prior to reaching the second step meeting of the grievance procedure and after attempting to settle Plaintiff's grievances, the Union officially notified Stanford it withdrew Plaintiff's four remaining grievances, notifying Plaintiff by copying him.  Plaintiff's 2007 complaint allegation that he did not withdraw or terminate his grievances may be disregarded as a legal conclusion.  *Pareto, supra*, 139 F.3d at 699.  No presumption of truthfulness attaches to this allegation.  *Ritza, supra*, 837 F.2d at 369.  Indeed, plaintiff apparently knew of the Union's withdrawal and has attempted to plead cleverly around it, deliberately omitting that the Union withdrew it.  (*Parrino,* 146 F.3d at 706).  The Union commenced the grievance, as it is required to do under the CBA, and the Union withdrew the grievances, on plaintiff's behalf.

Given that Stanford had suspended and repeatedly warned Plaintiff before terminating him on multiple grounds, the Union reasonably could have concluded Plaintiff's grievances had no chance of success.  From plaintiff's allegations from his 2005 Complaint it is reasonable to infer that plaintiff asked his Union to withdraw.  Under any circumstances, the effect of the Union's withdrawing the grievance, prior to proceeding with the final and binding arbitration that is the last step in that process, was that the Union did not exhaust the grievance process to its culminating step.  (See, Smith Decl., ¶ 5).  See, e.g., *Faust v. RCA*, 657 F. Supp. 614 (1986, D. Pa.) (where Plaintiff's Union withdrew his grievance short of arbitration, he failed to exhaust his contractual remedies and failed to exhaust remedies against his Union, which had power to reactivate his grievance); *Cotter v. Daimler Chrysler* (2000, E.D. Mich.) 87 F.Supp.2d 746 (despite that grievance procedure provided additional steps for review, Plaintiff's Union withdrew grievance, failing to exhaust his contractual and intra-union remedies).

-12-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

2. **Plaintiff's Union's Withdrawal of Grievances "Without Prejudice or Setting Precedent" Did Not Allow Him to Bypass the CBA, Including The Requirement That The Union Was His Exclusive Representative.**

That Plaintiff's Union withdrew his grievances "without prejudice" or "not setting precedent" did not give Plaintiff the ability to change his obligations under the grievance and arbitration procedures. By analogy, under the CBA, no grievance adjustment "shall set aside any other provision of the Agreement," including the provisions that Plaintiff must timely exhaust through his exclusive representative his contractual remedies in the grievance and arbitration process. CBA, § 38. Under the CBA, grievance resolutions are not to be deemed to be "precedents which add or detract from the obligations of the parties" under the agreement. CBA, § 38. Similarly, a grievance withdrawal "without prejudice" and "not setting precedent" cannot reduce Plaintiff and his Union's obligations under the CBA.

"Without prejudice" or "not setting precedent" language did not allow Plaintiff to ignore his obligation to exhaust his contractual remedies, including through using his exclusive representative, his Union. The boilerplate language of the Union's withdrawal of Plaintiff's grievances "without prejudice" and "not setting precedent" did not permit Plaintiff to sue in court, asking for the right to have a private attorney in the grievance process, lose that action, and then attempt a year later, without his Union's reactivating the grievances, to pursue the arbitration process without an attorney. Plaintiff's Union's language in withdrawing the grievance is in the nature of merely preserving the Union's ability to assert a future similar argument in a different grievance on similar issues, notwithstanding that the Union declined to pursue the issue in this instance.

3. **Plaintiff's Notification To His Union That He Requested The Union No Longer Represent Him, So Was Of No Consequence.**

Plaintiff's allegation in his 2005 Action that he, in December 2004 prior to the Union's withdrawal of his grievances, asked his Union to no longer represent him in one of his grievances, is of no consequence to the fact that Plaintiff failed to exhaust his remedies. The Union is the exclusive representative of all employees in the bargaining unit for the purposes of the CBA and prosecuting employee grievances. 29 U.S.C. § 159 (a); *Republic Steel v. Maddox,*

-13-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  *supra,* 379 U.S. at 360; *Emporium Capwell Co. v. Western Additional Community Org.*, 420 U.S.

2  50, 61-65 (1977) (employees may not bypass their exclusive representative).  National labor

3  policy is built on the premise that by pooling economic strength and acting through a labor

4  organization freely chosen by the majority, the employees of an appropriate unit have the most

5  effective means of representation.  See *Republic Steel v. Maddox, supra*, 420 U.S. at 61.  The

6  individual employee's power to order his own relations with his employer is extinguished and

7  instead national labor policy creates a power vested in the chosen representative to act in the

8  interests of all employees.  *Ibid*.  In vesting the representatives of the majority with this broad

9  power, the law imposes upon unions as the chosen exclusive representative a duty fairly and in

10  good faith to represent the interests of the individual workers within the unit.  *Vaca v. Sipes*, 386

11  U.S. 171 (1967); *Wallace Corp. v. NLRB*, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216 (1944).  A

12  worker's attempt, such as Plaintiff attempted here, to short-circuit the orderly, established

13  processes under the CBA and make concurrent demands through multiple representatives would

14  conflict with and violate this national labor policy.

15       Under the law and CBA provisions that the Union was the exclusive representative and

16  means for communication with Stanford for Plaintiff's grievances, communications were

17  required to be between the Union and Stanford.  Were it otherwise, the purposes of the national

18  labor law would be frustrated.  Plaintiff's attempts to concurrently proceed through both his

19  Union and a private attorney, to sidestep his Union as his exclusive representative in the

20  grievance process run afoul of the national Labor policy embodied in a federal law, depriving the

21  Union and Stanford of an orderly means for settling employee grievances.

22       The Union continued to represent Plaintiff and communicate with Stanford in its capacity

23  as Plaintiff's exclusive representative throughout withdrawal of the grievances in February 2005.

24  The Union's worksite organizer purported to represent Plaintiff even in 2007.  Any

25  communications between Plaintiff and his Union as to whether Plaintiff requested his Union not

26  to represent him was between Plaintiff and his union and did not serve to exhaust Plaintiff's

27  contractual remedies.

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2

    **4.    The Union's 2007 Request To Arbitrate Plaintiff's Inactive Grievances Did Not Fulfill Plaintiff's Obligation To Exhaust His Contractual Remedies Under The CBA.**

3       After Plaintiff's Union withdrew his then inactive grievances, and a year after Plaintiff's

4    lawsuit was dismissed, the Union requested "to move grievances into arbitration." Stanford had

5    no obligation to reopen the matter. Plaintiff's grievances had been terminated by the Union's

6    withdrawal, so that they could be referred into the grievance and arbitration process. Plaintiff

7    has not and cannot show that he exhausted his intra-union remedies to attempt to reactivate the

8    grievances. After the Union withdrew his grievances and more than two years had passed,

9    Stanford would have been justified, even had the grievances been active, in not agreeing to

10    reopening the matter. If the parties agreed to submit to arbitration the disputes only by consent,

11    courts are powerless, absent such consent, to compel arbitration. *See Vaca v. Sipes*, 386 U.S.

12    171, 184, n. 9 (1967); *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 657-58 (1965); *Gangemi v.*

13    *General Electric Company*, 532 F.2d 861 (1976, 2d Cir.) (arbitration not compelled where

14    agreement required arbitration only at consent of parties).

15    **D.    Plaintiff Cannot State a Claim against His Union for Breach of Duty of Fair Representation**

16

17       A failure to exhaust contractual remedies may be excused, if the worker establishes that

18    the Union breached its duty of fair representation in the processing of the grievance. *Vaca v.*

19    *Sipes*, (1967) 386 U.S. at 186, 190. Under such circumstances, an employee must prove a breach

20    of duty of fair representation. See *Hines v. Anchor Motor Freight, Inc.* 424 U.S. 554, 570-571.

21    A breach of duty of fair representation occurs only when a union's conduct toward a member of

22    the Collective bargaining unit is arbitrary, discriminatory or in bad faith. *Vaca v Sipes*, (1967)

23    386 U.S. 171, 190.

24       If Plaintiff believed his Union was an ineffective representative or played a role in his

25    termination (2007 Compl., ¶ 8), or disagreed with the Union's decision to withdraw or drop his

26    grievances, Plaintiff's remedy was against his Union, including proceeding through any

27    intraunion procedures. *Clayton v. International Unio, United Automobile, et al.* (1961) 451 U.S.

28    679; *Walker v. Chrysler*, 601 F. Supp 1358 (1985 Del.) (where Union withdrew grievance before

-15-

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   fourth level of grievance review "without prejudice", employee required to and did not fully

2   exhaust relief available within his union). However, Plaintiff has not named the Union to assert

3   a claim for breach of duty of fair representation against Union, which is a prerequisite to

4   asserting a breach of 301 against Stanford. (Fed. Rule Civ. Proc. 19 (joinder of persons needed

5   for just adjudication)). Moreover, because Plaintiff's grievance was withdrawn over three years

6   ago, the statute of limitations on such a claim has run. *Del Costello v. Intl. Brd. Of Teamsters*,

7   462 U.S. 151 (1983) (six months statute of limitation in breach of duty of fair representation

8   claim).

9           **E.      The Complaint should be Dismissed Without Leave to Amend**

10          Plaintiff has failed to exhaust his remedies under the CBA for grievances arising under

11   the CBA. His exclusive remedy for these grievances was the CBA. It is "beyond doubt that the

12   Plaintiff can prove no set of facts in support of his claim" which would entitle him to rely on

13   *Conley v. Gibson, supra*, 355 U.S. 41 against Stanford that will entitle him to relief.

14          This is Plaintiff's second lawsuit attempting to allege breach of contract against Stanford.

15   His complaint cannot be saved by amendment, and the Motion to Dismiss should be granted

16   without leave to amend. It is generally not inappropriate to deny leave to amend "unless it is

17   clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v.*

18   *Aspeon, Inc.* 316 F.3d 1048; Fed. Rule Civ. Proc., 15. Plaintiff has failed to exhaust his remedies

19   under the CBA, did not and cannot allege the Union breached its duty of fair representation, so

20   cannot save by amendment a claim for breach of the CBA against Stanford. *Eminence Capital,*

21   *supra*, 316 F.3d 1048; *Carter v. Norfolk Comm. Hospital Ass'n.* 761 F.2d 970, 974 (4th Cir.,

22   1985).

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

### IV.    CONCLUSION

2     Plaintiff has failed to state a claim for which this Court may grant relief.  Under F.R.C.P.

3   12(b)(6), Plaintiff has not exhausted his exclusive contractual remedies, which is a prerequisite

4   to bringing a claim for breach of the CBA against Stanford.  Plaintiff's Complaint must be

5   dismissed without leave to amend.

6   Dated:  May ___, 2008                    Respectfully submitted,

7                                            GORDON & REES, LLP

8

9                                            By:_____/s/_____
                                                    CAROL C. COPSEY
10                                           Attorneys for Defendant
                                             STANFORD UNIVERSITY
11   5650154wp

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE
TO STATE CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6)