Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE STEWART, an individual, | CASE NO. C 07 04061 |
| Plaintiff, | **(PROPOSED) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | Fed. Rules of Civ. Proc., Rule 12(b)(6) |
| LELAND STANFORD JUNIOR UNIVERSITY, | |
| Defendant. | |

The matter of Defendant Leland Stanford Junior University's ("Stanford") Motion to Dismiss came on for hearing on September 15, 2008 at 9:00 a.m. Carol Copsey, Gordon & Rees, LLP appeared on behalf of Stanford, and Steven D. Zavodnick, Esq. appeared on behalf of Plaintiff James Lee Stewart ("Plaintiff" or "Stewart"). Defendant's Motion to Dismiss was based on the Notice of Motion and Motion, the Memorandum of Points and Authorities, supporting Declaration of Keith I. Smith, Defendant's Request for Judicial Notice and supporting pleadings and papers.

    1.    The Court hereby finds and orders as follows. United Stanford Workers, Local 715, S.E.I.U., AFL-CIO and The Board of Trustees of the Leland Stanford Junior University ("CBA"), are signatories to a collective bargaining agreement from September 1, 2003 through

1  August 31, 2006. (*see* Declaration of Keith I. Smith in Support Defendant's Motion to Dismiss ("Smith Declaration), ¶ 2.)

2.  The Complaint for Declaratory Relief alleges subject matter jurisdiction under the Federal Administrative Procedures Act. However, the Complaint is one for violation of section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 ("LMRA"). Subject matter jurisdiction is proper under section 301 of the LMRA. 28 U.S.C. § 1331.

3.  Under this CBA, Plaintiff was included in the bargaining unit of the CBA and a member of the Union. The CBA controls the terms and conditions of Plaintiff's employment, discipline, and the grievance and arbitration procedure.

4.  Plaintiff was terminated from employment with Stanford effective October 1, 2004.

5.  A fair construction of Plaintiff's Declaratory Relief Complaint is that it is one for violation of section 301 of the Labor Management Relation Act, 29 U.S.C. § 185. Plaintiff seeks a declaration of rights that he is permitted to proceed with the dispute resolution process as set forth by the CBA between Union and Defendant. (Compl. ¶ 18). ). A cognizable cause of action for breach of the promise to arbitrate, therefore, is stated under 29 U.S.C. § 185.

6.  Under the CBA, the exclusive means for resolution of workers' and union grievances or claims against Stanford is grievance and arbitration process culminating in final and binding arbitration. CBA, Section 12 (c) (1) and 13.

7.  Federal labor policy requires that employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by the parties. Plaintiff's exclusive remedy for any grievance he has against Stanford is the process outlined in his CBA. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652.

8.  Plaintiff has not exhausted the grievance and arbitration procedures under the CBA. Stewart's Union submitted to Stanford a total of five grievances on Stewart's behalf. The Union grieved Stewart's July 2004 suspension (Grievance number U-03-32), which proceeded to a Step 2 meeting under the CBA. The Union did not pursue this grievance to arbitration under the CBA. (Smith Decl., ¶ 7 .) The Union grieved Stanford's discipline and termination of

1  Stewart in four other grievances. Stewart's Union grieved Stewart's August 18, 2004 Letter of
2  Warning (Grievance number U-03-46). Stewart's Union grieved Stewart's September 20, 2004
3  Performance Plan and (Grievance number U-03-48) and September 20, 2004 Written Discipline
4  (Grievance number U-03-54). Stewart's Union also grieved Stewart's termination (Grievance
5  number U-03-53). Prior to proceeding the final and binding arbitration under the grievance
6  procedure of the CBA, on February 23, 2005, the Union withdrew each of these grievances
7  (Grievance numbers U-03-46, U-03-48,U-03-54 and U-03-53), notifying Stanford, and copying
8  Stewart (Smith Declaration, ¶ 8-11).

9.  By analogy to the CBA provisions on "Precedence", grievance adjustments and resolutions are not to be deemed to be precedents which add or detract from the obligations of the parties under the CBA. Plaintiff's Union's withdrawal of his grievances "without prejudice" and "not setting precedent" did not permit plaintiff to bypass the provisions of the CBA. He was required to exhaust the grievance process as his exclusive means of resolving grievances with Stanford, with the Union as his exclusive representative in that process.

10.  Plaintiff failed to exhaust his remedies under the CBA for grievances which arise under the CBA. Because his exclusive remedy for these grievances was the CBA, "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41 (1957). This is Plaintiff's second lawsuit attempting to assert breach of contract against Stanford. His complaint cannot be saved by amendment, and is dismissed without leave to amend.

11.  Defendant's Motion to Dismiss is granted without leave to amend. Plaintiff's Complaint for Damages is hereby Dismissed. Fed. Rule Civ. Proc., Rule 12(b)(6).

It is so Ordered.

Dated: _____, 2008

By:_____
U.S. DISTRICT COURT JUDGE

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

SFU/1046906/5657353v.1