STEVEN D. ZAVODNICK, ESQ. (CA State Bar No. 135419)
Attorney at Law
P.O. Box 33247
Los Gatos, California 95031-3247
Telephone: (408) 399-3100
Facsimile: (408) 356-1255

Attorney for: Plaintiff
JAMES LEE STEWART

FILED

2008 SEP -2  P 2: 29

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

## UNITES STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE STEWART, an individual,<br><br>Plaintiff,<br><br>Vs.<br><br>LELAND STANFORD JUNIOR UNIVERSITY, and Does 1 through 100, Inclusive,<br><br>Defendants. | Case No.: 5:07-cv-04061-RS<br><br>**OPPOSITION TO MOTION TO DISMISS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date:        September 15, 2008<br>Time:       9:30 a.m...<br>Courtroom: Room 4, 5th Floor |

Opposition to Motion to Dismiss                              1

Plaintiff, JAMES LEE STEWART, respectfully submits his opposition to Defendant LELAND STANFORD, JR. UNIVERSITY's Motion to Dismiss, as follows:

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff James Lee Stewart ("Stewart") seeks declaratory relief to order Defendant Leland Stanford Junior University (the "University") to arbitrate his grievances against the University pursuant to an agreement entered into between United Stanford Workers Local 715, S.E.I.U., AFL-CIO (the "Union") and The Board of Trustees of the Leland Stanford Junior University dated September 1, 2003 (the "Agreement"). This court has jurisdiction under 28 U.S.C. § 1331 (federal question). Declaratory relief is proper pursuant to 28 U.S.C. § 2201 (declaratory judgment) and 5 U.S.C. § 702 (Administrative Procedures Act). Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) and 28 U.S.C. § 1402(a)(1)

Mr. Stewart is an individual residing in San Jose, California, who was employed as a painter from November 1997 through his termination by the University in October, 2004.

Mr. Stewart's employment was governed by an agreement entered into between United Stanford Workers Local 715, S.E.I.U., AFL-CIO and the University dated September 1, 2003 (the "Agreement"). Mr. Stewart did not participate in the negotiation nor agree to the terms of this Agreement. Mr. Stewart was a party to the Agreement solely by being a member of Local 715, which membership was a condition precedent of his being employed by the University.

The Agreement contains a dispute resolution procedure to address any grievances and arbitration. Mr. Stewart fully and timely complied with all of the requirements necessary on his part to initiate a grievance against the University pursuant to Paragraph 15(b) of the Agreement.

However, when Mr. Stewart requested that he be represented by independent legal counsel in the grievance proceedings, he was denied by the University without explanation. Confronted with the termination of his job, concerned about the role of the Union in his termination and their effectiveness as his representative, and then denied the right to have an attorney represent him, Mr. Stewart initiated a civil action entitled *James Lee Stewart vs. Leland*

Opposition to Motion to Dismiss                2

*Stanford, Jr. University, et al* being Case Number C 05-04131 RS on June 21, 2005 against the University in the Superior Court of the State of California, County of Santa Clara, alleging three causes of action: (1) wrongful termination; (2) breach of contract; and (3) breach of implied contract against the University.

On October 12, 2005, the University filed a Notice of Removal of Action under 28 U.S.C. Section 1441(b) (Federal Question).

On October 17, 2005, the University filed a Motion to Dismiss for Preemption (§ 301, 29 U.S.C. § 185) and for Failure to State a Claim upon Which Relief Can Be Granted (F.R.C.P. 12 (b) (6)).

On March 20, 2006, proceedings were held before The Honorable United States District Judge James Ware to consider the University's Motion to Dismiss. The sole issue argued before the Court was whether the University's refusal to allow Mr. Stewart to have independent counsel represent him in his grievances breached the Agreement and allowed Mr. Stewart to proceed in Federal Court rather than through the dispute resolution procedure.

The Court granted the University's Motion to Dismiss stating that Mr. Stewart's claim "is covered by the (Collective Bargaining) Agreement".

Immediately thereafter and to date, Mr. Stewart, both individually, through the Union, and through Counsel, have requested that the University arbitrate his grievances as set forth by the Agreement. The University has alternatively ignored and/or refused this request without explanation.

On or about July 19, 2007, Mr. Stewart filed the instant Complaint for Declaratory Relief.

## II.   DISCUSSION

With all due respect to opposing counsel and this Court, the University's request for dismissal is as brazen an attempt to miscarry justice as the undersigned has ever seen in twenty

years of the practice of law and there is no statute or case law that can be manipulated by the University that can prove otherwise.

As set forth in the Declaration of Ron Edwards dated September 2, 2008 attached hereto, and the Declaration of Steven D. Zavodnick dated January 18, 2006, a copy of which is attached hereto, the University has unilaterally deprived Mr. Stewart of all of his rights under the Agreement in violation of the Agreement and law. Specifically:

1. From July to October, 2004, Local 715, on behalf of Mr. Stewart, timely filed four (4) grievances against the University pursuant to the Agreement.

2. When Mr. Stewart requested that he be represented by independent counsel in the grievance procedure, the University, by Susan Hoerger, informed Mr. Stewart that Local 715 would have to withdraw its grievances. On February 23, 2005, relying on Ms. Hoerger's representations, Local 715 sent a letter to the University withdrawing its representation **without prejudice** to Mr. Stewart. (See Affidavit of Ron Edwards). Ms. Hoerger further informed Local 715 that it could reassert its representation of Mr. Stewart at a later date, if necessary. (See Affidavit of Ron Edwards)

3. From January, 2005 to June, 2005, the University refused to respond or have any communication with Mr. Stewart or his counsel regarding his filed grievances (See Declaration of Steven D. Zavodnick). As a result, Mr. Stewart had no alternative but to file a civil action against the University which he did on or about June 21, 2005.

4. From June 21, 2005 until the Court granted the University's Motion to Dismiss stating that Mr. Stewart's claim "is covered by the (Collective Bargaining) Agreement" on March 20, 2006, the parties were in litigation.

Opposition to Motion to Dismiss 4

5.  From or about April, 2006 until or about July, 2007, the University refused to resume the grievance procedure with Mr. Stewart, despite numerous demands by Local 715 (See Declaration of Ron Edwards). As a result, Mr. Stewart had no alternative but to file this action for Declaratory Relief against the University which he did on or about July 19, 2007.

In simpler terms, with its Motion to Dismiss, the University is telling Mr. Stewart and this Court:

1.  Before the first lawsuit, we (the University) don't have to respond to the aggrieved worker or his attorney because the Agreement says we don't have to;

2.  After the Court decides that the aggrieved worker's claim is covered by the Agreement and that the Union must be his representative, we (the University) don't have to respond to the aggrieved worker or his Union because we will interpret the Court's decision to say we don't have to;

3.  And, then, when the aggrieved worker asks this Court to clarify its decision for the parties with this lawsuit, we (the University) don't want the Court to do so.

**The arrogance of the University, in its unilateral administration of the Agreement, is shameful.**

Step by step, Mr. Stewart and Local 715 have done everything they were supposed to do under the Agreement, relying in good faith on what they believed to be were honest representations by the University and its officials, only to realize that the University is acting as its own judge and jury in denying any hearing of Mr. Stewart's grievances

This Court cannot allow the University to unilaterally interpret the Court's decision of March 20, 2006 in its favor and, at the same time, deny a worker the opportunity to challenge

Opposition to Motion to Dismiss    5

that interpretation in Court. That flies in the face of everything our system of justice is based upon.

### III. CONCLUSION

For all of the foregoing reasons, Mr. Stewart's claim should be heard in this Court, and the University's Motion to Dismiss denied.

Respectfully submitted,

Dated: September 2, 2008

By: _____
STEVEN D. ZAVODNICK
Attorney for Plaintiff
JAMES LEE STEWART

## AFFIDAVIT OF RON EDWARDS

I, RON EDWARDS, declare:

1. All facts stated herein are known to me to be true through my own personal knowledge and I would and could testify thereto in a court of law if called upon to do so.

2. At all times herein mentioned, I was the shop steward for United Stanford Workers Local 715, S.E.I.U., AFL-CIO ("Local 715"), and for the department in which the Plaintiff, Jim Stewart ("Stewart"), was employed by the Defendant, Leland Stanford Junior University (the "University"). In this position, I was one of the Local 715 representatives responsible for handling grievances and other proceedings on behalf of union members and the University. With respect to this case, I was involved in representing Mr. Stewart with all of the grievances that Local 715 filed on his behalf when he was terminated by the University in October, 2004.

3. Between July, 2004 until the commencement of Mr. Stewart's civil action against the University filed on or about June 21, 2005, all of the required grievance filing deadlines set forth in the Collective Bargaining Agreement ("Agreement") between the Local and the University on behalf of Mr. Stewart was timely filed.

4. In or about February, 2005, I was told by Susan Hoerger of the University that she and the University would have no contact with Mr. Stewart or his attorney, Steven D. Zavodnick, Esq., until the Local sent her a letter indicating that it was withdrawing its representation of Mr. Stewart. On or about February 23, 2005, the Local sent the letter she requested specifically stating that the Local's withdrawal was made **without prejudice** to Mr. Stewart. It was my understanding at the time, and this was communicated by me to Ms. Hoerger without her objection or comment, that the Local could reassert, at a later date, its grievances on behalf of

Affidavit of Ron Edwards                  1                    *Ron Edwards 9-2-08*

Mr. Stewart if Mr. Stewart or Mr. Zavodnick were unable to reach resolution with the University.

5.  Upon receiving notice from Mr. Zavodnick in early April, 2006, that Mr. Stewart's action was dismissed by the United States District Court because Mr. Stewart's civil action was preempted by the Agreement, I made innumerable (at least 20) requests on the University, including to Susan Hoerger and Keith Smith, among others, both formally and informally, both written and verbally, requesting that the grievance process resume on behalf of Mr. Stewart. Every time, Ms. Hoerger and/or Mr. Smith ignored my requests, refused to return my calls, told me that Mr. Stewart's case was dismissed and they didn't need to anything further, and overall, refused to take any further action pursuant to the grievance procedure as set forth in the Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on September 2nd, 2008, at Palo Alto, California.

_Ron Edwards 9-2-08_
RON EDWARDS

Affidavit of Ron Edwards                    2

1  STEVEN D. ZAVODNICK, ESQ. (CA State Bar No. 135419)
   Attorney at Law
2  P.O. Box 33247
   Los Gatos, California 95031-3247
3  Telephone: (408) 399-3100
   Facsimile: (408) 356-1255
4
   Attorney for: Plaintiff
5  JAMES LEE STEWART

6

7

8

9              UNITES STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12 | JAMES LEE STEWART,                         ) Case No.: C 05-04131 RS
   | an individual,                              )
13 |                                             ) **DECLARATION OF STEVEN D.**
   |                                             ) **ZAVODNICK IN SUPPORT OF**
14 |       Plaintiff,                            ) **PLAINTIFF'S OPPOSITION TO**
   |                                             ) **MOTION TO DISMISS FOR**
15 | Vs.                                         ) **PREEMPTION (SECTION 301, 29 U.S.C.**
   |                                             ) **SECTION 185) AND FOR FAILURE TO**
16 | LELAND STANFORD JUNIOR                      ) **STATE A CLAIM UPON WHICH RELIEF**
   | UNIVERSITY, JULIE HARDIN-STAUTER,           ) **CAN BE GRANTED (F.R.C.P. 12(b)(6))**
17 | and Does 1 through 100,                     )
   | Inclusive,                                  )
18 |                                             )
   |       Defendants.                           ) **DEMAND FOR JURY TRIAL**
19 |                                             )
                                                 )
20                                               )
                                                 ) Date:      February 8, 2006
21                                               ) Time:      1:30 p.m.
                                                 ) Courtroom: Room 4, 5th Floor
22                                               )
                                                 )
23                                               )
                                                 )
24                                               /

25

   Opposition to Motion to Dismiss          7

I, Steven D. Zavodnick, declare in Support of Plaintiff James Lee Stewart's ("Stewart") Opposition to Defendants Leland Stanford Junior University's ("University") and Julie Hardin-Stauter ("Hardin") Motion to Dismiss as follows:

1. I am an attorney in good standing licensed to practice law in the State of California and this Court. I have personal knowledge of the facts stated herein, or if stated on information and belief, I am informed and believe them to be true. I am competent to testify thereto if called as a witness at trial and such facts would be admissible as evidence.

2. I am the attorney of record for the plaintiff in this case, Mr. Stewart. In or about November, 2004, Mr. Stewart asked me to represent him in his grievance and arbitration claim against the University arising from his termination in or about October, 2004. He expressed to me his concerns that Local 715 did not at the time have legal counsel on retainer to provide him advice, and, in general, did not have the time or expertise to adequately represent him in a matter than was of great importance to he and his family.

3. Upon my engagement as Mr. Stewart's counsel, I initiated contacted with the University to notify them of my representation for his filed grievance. I was directed to contact Susan Hoerger, Director of Employee and Labor Relations.

4. After leaving numerous telephone messages that went unreturned by Ms. Hoerger, I finally reached her directly on the phone on or about December 6, 2004. During that telephone conversation, Ms. Hoerger informed me that she could not talk to me or recognize me as Mr. Stewart's counsel until she received a letter from him stating that he no longer wanted to be represented by Local 715 and designating me as his representative.

5. On December 13, 2004, I sent a letter from Mr. Stewart addressed to Ms. Hoerger via facsimile notifying the University that he no longer be represented by Local 715 and asking further communications to be directed to me. I also sent a cover letter to Ms. Hoerger stating the same instructions and providing my contact information.

6. Not receiving any reply from Ms. Hoerger within a week of sending these documents, I tried unsuccessfully to reach Ms. Hoerger by telephone. For the next six weeks, I left numerable (20-30) messages on Ms. Hoerger's voicemail, with her assistant, and on one occasions, even appeared at her office in person, with no reply. I tried to reach Ms. Hoerger through University Counsel office but was told that employment matters had to be directed to Ms. Hoerger first before they could respond.

7. Finally, in or about late January, using a telephone not at my office or home (without my caller identification), I was able to successfully reach Ms. Hoerger directly on the telephone. During that conversation, Ms. Hoerger informed me that she had received my correspondence and my messages, but would not respond to me, then or ever again, on this matter, and that the University would only communicate directly to Mr. Stewart since he had dismissed the Union as his representative with his previous letter. I asked her on what basis she was making that decision and was told she didn't need to respond to that, that she had final decision making, and that was the final word. When I asked her to contact University counsel to obtain their opinion on her position and get back to me with it, she responded that she wouldn't because that decision was hers and she had already made it. I then told her that she was leaving Mr. Stewart any recourse other than to sue the University, she said "fine, do what you have to do."

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 18, 2006

_____/s/_____
STEVEN D. ZAVODNICK

Opposition to Motion to Dismiss      9

| Short Title | Court and Case Number |
|---|---|
| Stewart vs. Stanford University, et al | USDC Northern District 5:07-cv-04061-RS |

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in the County of Santa Clara, State of California; I am over the age of eighteen years and not a party to the within action; my address is 16771 Kennedy Road, Los Gatos, California 95032.

On September 2, 2008, I served the within document(s):

**OPPOSITION TO MOTION TO DISMISS; AFFIDAVIT OF RON EDWARDS; DECLARATION OF STEVEN D. ZAVODNICK**

on the party in said action, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail as follows:

Carol Copsey, Esq.
Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, California 94111

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed on September 2, 2008 at Los Gatos, California.

_____
STEVEN D. ZAVODNICK