1  MICHAEL T. LUCEY (SBN: 99927)
   CAROL C. COPSEY (SBN: 110375)
2  GORDON & REES LLP
   Embarcadero Center West
3  275 Battery Street, Suite 2000
   San Francisco, CA 94111
4  Telephone: (415) 986-5900
   Facsimile: (415) 986-8054
5
   Attorneys for Defendant
6  LELAND STANFORD JUNIOR UNIVERSITY

7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 JAMES LEE STEWART, an individual,    )   CASE NO. CV07-04061 JW
                                        )
12                Plaintiff,             )
                                        )
13                                      )   Date:       September 15, 2008
             vs.                        )   Time:       9:00 a.m.
14                                      )   Courtroom:  8, 4th Floor
                                        )   Judge:      Hon. James Ware
15 LELAND STANFORD JUNIOR               )
   UNIVERSITY,                          )
16                                      )
                  Defendant.            )
17                                      )
                                        )
18
   **REPLY TO LATE-FILED OPPOSITION TO MOTION TO DISMISS**
19 Fed. Rules of Civ. Proc., Rule 12(b)(6); Local Rule 7-2

*[Left margin: Gordon & Rees LLP, Embarcadero Center West, 275 Battery Street, Suite 2000, San Francisco, CA 94111]*

SFU/1046906/5928271v.1

---

REPLY TO LATE-FILED OPPOSITION TO MOTION TO DISMISS
FED. RULES OF CIV. PROC., RULE 12(B)(6); LOCAL RULE 7-2

## I. INTRODUCTION

Plaintiff's Opposition admits that Plaintiff's Union withdrew Plaintiff's grievance of his employment termination, which is consistent with Stanford's position that this Court may consider that fact on this Rule 12 (b) (6) motion. The Collective Bargaining Agreement, which provides that the grievance and arbitration procedure was Plaintiff's sole and exclusive remedy for his claim, does not give Plaintiff the right to file a civil suit without exhausting his contractual remedies, and thereafter proceed to arbitration on the same claim. Such an argument is inimical to the interests protected by the exclusive nature of a CBA grievance procedure and the exclusivity of the Union as the worker's representative. The plain wording of the CBA does not provide for a withdrawal of a grievance "without prejudice."

In order to address his concerns that his Union was ineffective as his representative, Plaintiff should have but did not avail himself of intraunion remedies or a claim for breach of duty of fair representation against the Union. Plaintiff's foregoing that path and withdrawing his grievance, apparently without reviewing the plain wording of the CBA, was his choice, which cannot be attributed to Stanford. Plaintiff has not and cannot allege facts to state a claim for relief plausible on its face, and his Complaint should be dismissed without leave to amend.

## II. FACTUAL SUMMARY

Plaintiff James Stewart ("Plaintiff" or "Stewart") was terminated from employment with Defendant Stanford University ("Stanford" or Defendant") nearly four years ago, his Union brought and terminated five grievances, and this is his second lawsuit before this Court. Nearly four years ago, in October 2004, after Stanford suspended Plaintiff, issued job performance plans, and repeatedly warned Plaintiff of inefficiency, lack of productivity, poor work quality and violating rules regarding breaks, Stanford terminated his employment based on those multiple grounds. The Union promptly initiated his grievances under the CBA, and in February 2005, rather than exhausting the grievance procedure to its culminating step of final and binding arbitration, the Union withdrew all remaining grievances on Plaintiff's behalf.

In June 2005, Plaintiff filed a lawsuit for, inter alia, breach of contract, claiming Stanford "breached his contract" by not allowing him counsel to represent him in his grievance. In April

-1-
REPLY TO LATE-FILED OPPOSITION TO MOTION TO DISMISS
FED. RULES OF CIV. PROC., RULE 12(B)(6); LOCAL RULE 7-2

2006, this Court dismissed that action as preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. , § 185, holding that Stanford's disallow Plaintiff representation by an attorney during the grievance process was consistent with the CBA and the law providing that the Union was Plaintiff's exclusive representative. A year after this Court dismissed that action, in April 2007, Plaintiff again sued, bringing this Complaint for Declaratory Relief seeking to proceed under the CBA's grievance and arbitration process.

### III.  LEGAL ARGUMENT

**A.  Plaintiff's Opposition Should Not be Considered as Plaintiff Failed to Timely Serve any Opposition, Waiving his Right To Oppose This Dismissal Motion.**

Stewart did not timely serve or file any opposition to the legal challenges raised by Defendant Stanford's ("Stanford") Dismissal Motion. Stewart waived his right to further oppose Stanford's motion, because the time for filing any opposition had long passed by September 3, 2008 when Plaintiff filed his "Opposition to Motion to Dismiss" ("Plaintiff's Opposition"). Stanford accordingly requests that this Court exercise its discretion and disregard Plaintiff's late-filed Opposition.

**B.  LMRA is the Basis for Subject Matter Jurisdiction.**

Plaintiff's Opposition conclusorily asserts that "Declaratory relief is proper pursuant to 28 U.S.C. § 2201 (declaratory judgment) and 5 U.S.C. § 702 (Administrative Procedures Act)" ("APA"). (Pl. Opp., 2:9-10). Plaintiff's Opposition does not cite any legal authority challenging Stanford's argument that the Declaratory Relief Act and the APA do not properly allege a basis for relief. As set forth more fully in Stanford's opening brief, Plaintiff's Complaint is one by which Plaintiff seeks recovery for termination of his employment under the Collective Bargaining Agreement ("CBA") between Plaintiff's Union ("Union") and Stanford, and therefore is for violation of section 301 of the LMRA, under which jurisdiction is proper.[1]

---

[1] Plaintiff's Opposition oversimplifies that the sole issue in his 2005 Action before this court was "whether the University's refusal to allow Mr. Stewart to have independent counsel represent him in his grievances breached the Agreement and allowed Mr. Stewart to proceed in Federal Court rather than through the dispute resolution procedure." (Pl. Opp., 3:11-18 ) In the 2005 action, this Court found that Plaintiff's claims inevitably involved interpretation of the CBA, were preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (Defendant's Request for Judicial Notice; Order, 4:23-5:8), and that Plaintiff's exclusive remedy for any grievance he had against Stanford is the process outlined in the CBA. (Order, 5:9-12, 7.) This Court held that

*(Footnote continued)*

-2-
REPLY TO LATE-FILED OPPOSITION TO MOTION TO DISMISS
FED. RULES OF CIV. PROC., RULE 12(B)(6); LOCAL RULE 7-2

**C.  Plaintiff's Declarations Contradict His Declaratory Relief Complaint, Supporting that the Court may Properly Rely on Evidence that the Union Withdrew Plaintiff's Grievance.**

In his Declaratory Relief Complaint, Stewart alleges that he, Plaintiff, has "never withdrawn, dismissed, or otherwise terminated his filed grievances" against Stanford. 2007 Compl., ¶ 7. Plaintiff contradicts his Declaratory Relief Complaint allegations that he never withdrew his grievance by admitting in affidavits submitted in Opposition that the Union withdrew "its representation" of Plaintiff and sent a letter specifically requesting this withdrawal be without prejudice. Affidavit of Ron Edwards ("Edward Aff."), ¶ 4. Edwards' Affidavit is consistent with Stanford's position that Plaintiff's Union indeed withdrew the grievance on Plaintiff's behalf. See Declaration of Keith I. Smith in Support of Defendant's Motion to Dismiss ("Smith Decl.", ¶¶ 8, 9, 10, 11).

On a Rule 12 (b) (6) motion, the Court may consider material outside the Complaint where the authenticity of the documents is not contested and upon which Plaintiff's Complaint necessarily relies. *Parrino v. FHP, Inc.* (9th Cir. 1998) 146 F.3d 699, 706, *superseded by statute on other grounds*, as stated in *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 681-682 (9th Cir. 2006) (where Plaintiff's complaint referred to an "ERISA group plan" and its "cost containment program," but did *not* mention the Plan documents concerning membership and coverage, court properly considered those documents on Rule 12(b)(6) motion where their authenticity was not reasonably subject to dispute); *see, e.g., Garley v. Sandia Corp*, 236 F.3d 1200, 1210-1211 (10th Cir. 2001) (Plaintiff amended his complaint alleging state contract and tort claims, excising any mention of CBA, in attempt to show his complaint was not based on the CBA and therefore preempted; court affirmed grant of motion to dismiss that relied on CBA to hold claims were preempted); *Kettner v. Albertsons, Inc.,* 839 F.Supp.1432, 1433 n.1 (D.Ore.1993) (court looked to the CBA outside the pleadings on motion to dismiss complaint without converting that motion to one for summary judgment); *Argento v. Airborne Freight Corp.*, 933 F.Supp. 373, 376 n.2

---

disallowing Plaintiff representation by an attorney in the grievance process was consistent with both the terms of the CBA, allowing Plaintiff two Union representatives in that process, and the law providing that the Union was Plaintiff's exclusive representative. (Order, 6.)

(S.D.N.Y. 1996) (appropriate to consider the CBA in ruling on a Rule 12(b)(6) motion to dismiss raising issues of LMRA preemption); *Schwarzer, Tashima, Wagstaffe*, Federal Civil Procedure before Trial ("Civ. Proc. before Trial"), § 9:212.2).)

Plaintiff's Complaint for Declaratory Relief seeking arbitration necessarily relies on his allegation that he has never withdrawn, dismissed or terminated his grievances. Contrary to those Complaint allegations, the Opposition Papers concede that the Union withdrew the grievances on Plaintiff's behalf. Edwards' Affidavit makes clear that the authenticity of the Union's letter withdrawing Plaintiff's grievance is not reasonably subject to dispute. That Plaintiff's Union withdrew his grievance may be relied on by this Court on this 12(b)(6) Motion.

**D. The CBA Does Not Allow Plaintiff the Right to Withdraw His Grievance and Then Reactivate It, and To Do So Would Frustrate National Labor Policy.**

The CBA provides that the CBA is "the exclusive record of agreement between the University and the Union on all matters of wages, hours and other terms and conditions of employment." CBA, § 7(B)(1). The CBA's Grievance and Arbitration procedure provides that it is the exclusive means for the resolution of worker's claims:

> "The Union agrees that this procedure shall be in lieu of any other formal procedure established by the University for the resolution of grievances and shall be the exclusive means for the resolution of workers' and Union grievances or claims against the University." CBA, § 13.

In the exclusive agreement between the parties, the CBA, there is no provision or interpretation permitting withdrawal of a grievance and then reactivating the grievance. Plaintiff's counsel's hearsay statement in his Declaration that Stanford, through Susan Hoerger, told him that because Plaintiff was represented by the Union she could not recognize Plaintiff's counsel and refused to communicate with Plaintiff's counsel, is consistent with the law and the CBA provisions that the Union was Plaintiff's exclusive representative and the grievance process his exclusive remedy. Fed. Rule Evid. 802. Plaintiff's argument that Plaintiff was somehow excused from exhausting his contractual remedies in reliance on Stanford's word cannot prevail.[2]

---

[2] Plaintiff has not established any foundation or basis of Edwards' personal knowledge as to the reasons why the Union withdrew the grievance. Fed. Rule Evid. 602. (Edwards "was involved" in Plaintiff's grievance; "the Local sent the letter" withdrawing the grievance). The letter withdrawing the termination grievance was sent by Union

*(Footnote continued)*

-4-
REPLY TO LATE-FILED OPPOSITION TO MOTION TO DISMISS
FED. RULES OF CIV. PROC., RULE 12(B)(6); LOCAL RULE 7-2

As stated in *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965):

> Union interest in prosecuting employee grievances is clear. Such activity complements the union's status as exclusive bargaining representative by permitting it to participate actively in the continuing administration of the contract. In addition, conscientious handling of grievance claims will enhance the union's prestige with employees. Employer interests, for their part, are served by limiting the choice of remedies available to aggrieved employees. And it cannot be said, in the normal situation, that contract grievance procedures are inadequate to protect the interests of an aggrieved employee until the employee has attempted to implement the procedures and found them so.
>
> A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. In addition to cutting across the interests already mentioned, it would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement. A rule creating such a situation 'would inevitably exert a disruptive influence upon both the negotiation and administration of collective agreements.' (*Republic Steel v. Maddox*, 379 U.S. at 654 (internal citation omitted).) [1]

The path Plaintiff advocates, that he could file a civil suit without exhausting contractual remedies and then offer to engage in the grievance and arbitration procedures following dismissal of such a filing is inimical to the interests protected by the exclusive nature of a CBA grievance procedure, as here, bargained for between Stanford and Plaintiff's Union. Plaintiff's claim that Stanford induced him into such course of action is unsupported by any admissible evidence and absurdly implausible. The court need not accept such unreasonable inferences or unwarranted deductions of fact. *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C.Cir. 1997); *Transphase Systems, Inc. v. Southern Calif. Edison*, 839 F.Supp. 711, 718 (C.D.Cal. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395, 1396 (C.D.Cal. 1995).

The purpose of the exclusivity and finality of the grievance and arbitration process is to provide an orderly means of resolving disputes (Smith Decl., ¶ 3, CBA, § 12(c)(1)). The purpose of the CBA's disallowing grievance withdrawal "without prejudice" is to fulfill the CBA's stated

---

Worksite Organizer Kennedy Helm. Smith Decl. ¶ 11; Edwards Aff., ¶¶ 2, 4.

Plaintiff's argument that the reason why the Union withdrew the grievance was due to Stanford's representations to Edwards that the grievance could be reinstated is therefore unsupported by any admissible evidence and speculative. Fed. Rule Evid. 602, 802, 901, 1002. Indeed, the Union met with Stanford to resolve Plaintiff's grievance within a month prior to withdrawing the grievance, and the Union's basis for the withdrawal was likely that it was an unmeritorious grievance because the decision to terminate was on multiple solid grounds and the grievance did not justify the Union's pursuit.

agreement "that grievances should be raised, and settlement attempted, promptly." Smith Decl., ¶ 3, CBA § 41 (10(a)). The purpose of these provisions are to prevent exactly the situation that has occurred here: Plaintiff has attempted to shop forums and elongated his claims over a four year period of time following his termination. To otherwise allow Plaintiff a grievance withdrawal "without prejudice" creates a hardship to Stanford by depriving it of the method for orderly settlement of grievances for which it collectively bargained, and further "exerting a disruptive influence upon both the negotiation and administration of collective agreements." *Republic Steel Corp. v. Maddox*, supra, 379 U.S. 650, 654.[3]

### E. Plaintiff Withdrew his Grievance Without Exhausting the CBA's Grievance Process, and Plaintiff did not Avail Himself of His Intraunion Remedies to Address his Concerns about his Union's Ineffective Representation

The gist of Plaintiff's Declaratory Relief Complaint is that he was "concerned about the role of the Union in his termination and their effectiveness as his representative." 2007 Compl., ¶ 8; Pl. Opp., 2:24-25.

Given that Stanford had suspended and repeatedly warned Plaintiff before terminating him on multiple grounds, the Union reasonably could have concluded Plaintiff's grievances had no chance of success. Under any circumstances, the effect of the Union's withdrawing the grievance, prior to proceeding with the final and binding arbitration that is the last step in that process, was that the Union did not exhaust the grievance process to its culminating step. (See, Smith Decl., ¶ 5). See, e.g., *Faust v. RCA*, 657 F. Supp. 614 (1986, D. Pa.) (where Plaintiff's Union withdrew his grievance short of arbitration, he failed to exhaust his contractual remedies and failed to exhaust remedies against his Union, which had power to reactivate his grievance); *Cotter v. Daimler Chrysler* (2000, E.D. Mich.) 87 F.Supp.2d 746 (despite that grievance

---

[3] That Plaintiff's Union withdrew his grievances "without prejudice" did not change Plaintiff's obligations to proceed under the grievance and arbitration procedure. By analogy, under the CBA, no grievance adjustment "shall set aside any other provision of the Agreement," so Plaintiff's grievance withdrawal "without prejudice" could not abrogate that Plaintiff must timely exhaust through his exclusive representative his contractual remedies in the grievance and arbitration process. CBA, § 38. Furthermore, under the CBA, grievance resolutions are not to be deemed to be "precedents which add or detract from the obligations of the parties" under the agreement. CBA, § 38. Similarly, a grievance withdrawal "without prejudice" cannot detract from Plaintiff and his Union's obligations under the CBA.

procedure provided additional steps for review, Plaintiff's Union withdrew grievance, failing to exhaust his contractual and intra-union remedies).

If Plaintiff believed his Union was ineffective or disagreed with his Union's decisions concerning his grievance, he should have availed himself of the intraunion Grievance Committee and appeal process. Such Committee and processes consider workers' grievance and reach consensus on the Union's approach. See *Faust v. RCA, supra*; *Cotter v. Daimler Chrysler, supra*. There is no evidence that Plaintiff and Edwards availed themselves of this remedy within the Union, and Plaintiff cannot hold Stanford responsible now for his failure to do so or to name the Union in a claim for breach of duty of fair representation.

**F.     The Complaint Should be Dismissed without Leave to Amend.**

Following the principle established in *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief", in *Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007)*, the Supreme Court clarified that plausibility was also required. The Court noted that *Conley's* "no set of facts" rule was "an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* 127 S.Ct. at 1969. The Supreme Court pronounced that the Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id. at 1974*. If the Plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.*

It is beyond doubt that Plaintiff can not prove a set of facts in support of his claim for relief that is plausible on its face. Plaintiff has not nudged his claims to approach the line of conceivable let alone plausible, and his Complaint must be dismissed. Nothing in Plaintiff's

///
///
///
///

1  Opposition raises any fact supporting that the Complaint could be saved by amendment, and it
2  should be dismissed without leave to amend.

4  Dated: September 5, 2008                    GORDON & REES LLP

                                               By: _____/s/_____
                                                   Carol C. Copsey
                                                   Attorneys for Defendant
                                                   LELAND STANFORD JUNIOR UNIVERSITY