IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| James Lee Stewart, et al. | NO. C 07-04061 JW |
| Plaintiffs,<br>v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| Leland Stanford Junior University, et al., | |
| Defendant. | |

## I. INTRODUCTION

James Lee Stewart ("Stewart") and United Stanford Workers 715, Service Employees Union AFL-CIO/CLC ("Local 715") (collectively, "Plaintiffs") bring this action against Defendant Leland Stanford Junior University ("Stanford") seeking declaratory relief under 28 U.S.C. § 2201. Plaintiffs allege that Defendant failed to submit to arbitration pursuant to the terms of a Collective Bargaining Agreement ("CBA") between Defendant and Local 715, under which Plaintiff was covered as an employee of Defendant.

Presently before the Court is Defendant's Motion to Dismiss and to Strike.[1] (hereafter, "Motion," Docket Item No. 37.) The Court conducted a hearing on April 27, 2009. Based on the papers submitted to date and oral argument, the Court DENIES Defendants' Motion to Dismiss and to Strike.

---

[1] Also before the Court is Defendant's Motion for Sanctions on the grounds that the allegations in Plaintiffs' Complaint are not grounded in fact nor warranted by law. (See Docket Item No. 56.) In light of this Order, the Court DENIES Defendant's Motion as moot.

## II.  BACKGROUND

**A.  Factual Allegations**

In a First Amended Complaint filed on October 10, 2008, Plaintiffs allege as follows:

Plaintiff Stewart was employed by Defendant as a painter from November 1997 until he was terminated in October 2004.[2] Stewart's employment was governed by a CBA between Defendant and Local 715, to which Stewart was a party via membership in Local 715. (Id. ¶ 7.) The CBA contains a dispute resolution procedure to address grievances and to facilitate arbitration. (Id. ¶ 8.)

Following his termination, Plaintiffs fully and timely complied with the terms of the CBA to initiate a grievance against Defendant. (FAC ¶ 8.) In late 2004, Plaintiffs communicated to Defendant that Stewart wished to be represented by his own independent counsel during the grievance proceedings. (Id. ¶ 9.) Defendant told Plaintiffs that it would not have contact with Stewart's independent counsel until Local 715 withdrew its representation of Stewart. (Id.) Defendant did not indicate that Local 715's withdrawal would have any adverse effect on Stewart's ability to pursue his grievances, and "it was understood that Local 715 and [Stewart] could later reassert its grievances . . . in the event [Stewart] and his independent counsel could not reach resolution with [Defendant]." (Id.) Accordingly, Local 715 withdrew its representation of Stewart. (Id.)

After Local 715 withdrew its representation of Stewart, Defendant refused to have any contact with Stewart or his independent counsel. (FAC ¶ 10.) In June 2005, Stewart brought an action against Defendant on the ground that refusing to allow him independent representation was a breach of the CBA. (Id. ¶ 10.) In March 2006, the Court dismissed Stewart's law suit, stating his claims were governed by the CBA. (Id. ¶ 14.) Since the March 2006 dismissal, Plaintiffs have requested that Defendant arbitrate his grievances as set forth by the Agreement, and Defendant has refused their requests. (Id. ¶ 15.)

---

[2]  (First Amended Complaint ¶ 5, hereafter, "FAC," Docket Item No. 35.)

On the basis of the allegations outlined above, Plaintiff seeks declaratory relief under 28 U.S.C. § 2201 and under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. Plaintiffs seek a declaration that Local 715 be permitted to proceed against Defendant, on behalf of Stewart, pursuant to the dispute resolution process outlined in the CBA.

**B.     Procedural Background**

In June 2005, Plaintiff Stewart filed an action against Defendant alleging (1) wrongful termination, (2) breach of contract, and (3) breach of implied contract.[3] On April 5, 2006, the Court dismissed Stewart's claims on the ground that the grievance process defined in the CBA provides the exclusive remedy for Stewart's grievances and that Defendant had acted consistently with the CBA and Ninth Circuit law in refusing to communicate with Stewart's independent counsel. (RJN, Ex. G at 6-7.)

On August 8, 2008, Stewart filed this action seeking declaratory judgment that Defendant is required to participate in the CBA's grievance process with respect to Stewart's grievances. (See Docket Item No. 1.). On September 18, 2008, the Court dismissed Plaintiff's complaint with leave to amend on the ground that Local 715 is the exclusive representative of Stewart under the CBA, and that any claim to compel Defendant's compliance with the CBA must be brought by Local 715. (September 18, 2008 Order at 4, hereafter, "September 2008 Order," Docket Item No. 34.) On October 10, 2008, Stewart and Local 715 together filed a First Amended Complaint seeking a declaration that Defendant must participate in the grievance procedures set forth in the CBA. (FAC ¶¶ 16-20.)

Presently before the Court is Defendant's Motion to Dismiss and to Strike.

## III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant.

---

[3] (Defendant's Request for Judicial Notice in Support of Motion to Dismiss First Amended Complaint and Motion to Strike, Ex. A, hereafter, "RJN," Docket Item No. 38.)

3

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533- 534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

**A.   Subject Matter Jurisdiction**

As a threshold matter, the parties dispute the basis for subject matter jurisdiction over this action. (Motion at 8-9; Opposition to Motion to Dismiss at 2, hereafter, "Opposition," Docket Item No. 65.)

As noted in the Court's September 2008 Order, Plaintiffs have improperly alleged jurisdiction under the APA, which, by its terms, applies only to agencies of the United States government. 5 U.S.C. § 702. As a private entity, Defendant is not subject to the terms of the APA. However, all claims seeking to enforce grievance procedures under a collective bargaining agreement are governed by the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983). Thus, the Court has subject matter jurisdiction over Plaintiffs' claim for a declaratory relief under the LMRA, 29 U.S.C. § 185.

4

1 **B.     Defendant's Motion to Dismiss**

2     Defendant moves to dismiss Plaintiffs' First Amended Complaint on the ground that Local
3 715's claim for a declaration that Defendant must participate in arbitration pursuant to the CBA is
4 time-barred by the applicable statute of limitations.[4] (Motion at 14.)

5     A complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of the
6 pleading that plaintiff's claims are barred by the statute of limitations. Jablon v. Dean Witter & Co.,
7 614 F.2d 677, 682 (9th Cir. 1980). This is true even though expiration of the limitations period is an
8 affirmative defense, because Federal Rule of Civil Procedure 9(f) "makes averments of time and
9 place material for the purposes of testing the sufficiency of a complaint." Suckow Borax Mines
10 Consol. v. Borax Consol., 185 F.2d 196, 204 (9th Cir. 1951). When a motion to dismiss is based on
11 the running of the statute of limitations, "it can be granted only if the assertions of the complaint,
12 read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."
13 Jablon, 614 F.2d at 682. In contrast, where the statute of limitations question turns on factual issues
14 that may be disputed, the question is more appropriately addressed at a later stage of the proceeding.
15 See id.

16     Under Ninth Circuit law, the six-month limitation period pursuant to § 10(b) of the National
17 Labor Relations Act, 29 U.S.C. § 160(b), applies to actions to compel arbitration under a collective
18 bargaining agreement. Teamster Union Local 315 v. Great Western Chemical Co., 781 F.2d 764,
19 769 (9th Cir. 1986). The statute of limitations begins to run when an employer "makes it clear" that
20 it refuses to arbitrate. Local Joint Exec. Bd. of Las Vegas, Bartenders Union Local 165 v. Exber,
21 Inc., 994 F.2d 674, 675-76 (9th Cir. 1993). An employer's refusal is "clear," and the limitation
22 period begins to run, only when there has been "an unequivocal, express rejection of the union's

---

[4] The Court notes that Plaintiffs' claim that Defendant should be compelled to participate in the arbitration procedures of the CBA appears to belong only to Plaintiff Local 715. However, Defendant does not seek to dismiss Stewart's claim against Defendant. Instead, Defendant's contend that Plaintiff Stewart cannot bring a claim against Local 715 for a breach of its duty of fair representation because such a claim would be barred under the statute of limitations. (Motion at 10.) The Court declines to consider the issue of whether Plaintiff Stewart can state a claim against Local 715 as it is not an issue presently before the Court.

5

request for arbitration . . . communicated to the union.  Constructive notice is not sufficient." Id. at 676.

In this case, the CBA provides for the following grievance process:

Paragraph 17
Step One (oral discussion)

A grievance by a worker is started when the worker (called "grievant") tells his/her supervisor the facts of the grievance and asks for resolution within five (5) working days.  One representative (the steward designated by the Union for the Grievant's unit pursuant to Article I.E, a Union Officer or the worksite organizer) may be present at the option of the grievant.  If the grievant does not accept the resolution of his/her grievance, he/she may proceed to Step Two.  The grievant may at his/her option skip Step One and begin the grievance at Step Two.  A Union grievance shall be initiated at Step Two of this procedure unless the Union grievance concerns a claim which an individual worker could have raised as a grievance.  If this is the case the grievance must be started at Step One.

Paragraph 18
Step Two–Filing of a Formal Grievance

The grievance shall be submitted in writing to the Manager of Labor Relations within the time frames for timely filing of grievances . . . .  The University will submit to the Union a numbered copy of the grievance within two (2) working days from receipt of such grievance.

Paragraph 21
Step Two–Response or Referral for Review

 . . . The Manager of Labor Relations or his/her designee shall provide a written response to the grievant with a copy to the Union within ten (10) working days of receipt of the written grievance or the step 2 meeting, whichever comes later.

Paragraph 26
Arbitration

If the Union does not accept the University's response to the grievance at step 2, then within twenty (20) working days after receipt fo the step 2 decision, the Union may refer the grievance to arbitration by written notice to the Manager of Labor Relations.

Plaintiffs allege that they timely complied with all of the requirements for initiating a grievance procedure under the CBA.  (FAC ¶ 8.)  Plaintiffs also allege that, following the Court's April 2006 ruling, Plaintiffs immediately requested that Defendant arbitrate Stewart's grievances according to the arbitration process of the CBA.  (Id. ¶ 15.)  The Complaint does not allege that Defendant ever provided an unequivocal refusal to participate in arbitration under the CBA.  Thus, it is not apparent

from the face of the First Amended Complaint that Local 715's request for declaratory relief is barred by the statute of limitations.[5]  Even if the statute of limitations began to run prior to Stewart's June 2005 law suit, Plaintiffs allege that Defendant "did not indicate that Local 715's withdrawal would have any adverse effect on [Stewart's] ability to pursue his grievances, and it was understood that [Plaintiffs] could later reassert its grievances on behalf of [Stewart]."  (Id. ¶ 9.)  Although Defendant disputes this allegation, such a factual dispute must be resolved at a later stage in this litigation.

Accordingly, the Court DENIES Defendant's Motion to Dismiss.

## V.  CONCLUSION

The Court DENIES Defendant's Motion to Dismiss and to Strike.

The parties shall appear for a Case Management Conference on **September 28, 2009 at 10 a.m.**  On or before **September 18, 2009**, the parties shall meet and confer and file a Joint Case Management Statement.  The Statement shall include, among other things, a good faith discovery plan with a proposed date for the close of all discovery.

Dated:  July 9, 2009

JAMES WARE
United States District Judge

---

[5] Defendant contends in its reply that the Union's claim should not relate back to the original filing date of this claim under Fed. R. Civ. P. 15(c). (Reply to Late-Served Opposition to Motion to Dismiss at 5-6, Docket Item No. 67.)  However, since the Court does not presently have sufficient information to determine when the limitation period should begin to run, the Court declines to examine whether Local 715's claim should relate back to the date this action was first filed.

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Carol Capri Copsey ccopsey@gordonrees.com
Michael Terence Lucey mlucey@gordonrees.com
Steven Daniel Zavodnick szavodnick@verizon.net

**Dated: July 9, 2009**                              **Richard W. Wieking, Clerk**

                                                     **By:  /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**

United States District Court
For the Northern District of California