UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STANFORD WORKERS LOCAL 715, ET AL., <br><br> Plaintiffs, <br> v. <br><br> LELAND STANFORD JUNIOR UNIVERSITY, <br> Defendant. | Case No. C 07-04061 JW (PVT) <br><br> **ORDER GRANTING DEFENDANT LELAND STANFORD JUNIOR UNIVERSITY'S MOTION TO COMPEL** <br><br> **[Docket Nos. 87, 94]** |

**INTRODUCTION**

Defendant Leland Stanford Junior University moves to compel plaintiffs United Stanford Workers, Local 715, Service Employees International Union, AFL-CIO/CLC and James Lee Stewart, separately, to produce documents. (collectively "plaintiffs"). Additionally, defendant Stanford University moves to compel the deposition of plaintiff United Stanford Workers, Local 715, Service Employees International Union, AFL-CIO/CLC pursuant to Rule 30(b)(6). ("Local Union 715"). To date, oppositions have not been filed to either motion. Pursuant to Civ. L.R. 7-1(b), the motions are taken under submission. The hearing presently scheduled to be held on January 26, 2010 is vacated. Having reviewed the papers and considered the arguments of

counsel, defendant Stanford University's two motions to compel are granted.[1]

## BACKGROUND

On September 30, 2009, defendant Stanford University served by mail a request for production of documents on plaintiff Local Union 715.[2] That same day, defendant Stanford University served by mail a request for production of documents on plaintiff James Lee Stewart. To date, neither plaintiff has responded to the document requests.

On September 30, 2009, defendant Stanford University noticed the deposition of plaintiff Local Union 715 pursuant to Rule 30(b)(6). The deposition was scheduled to be held on November 24, 2009 at 9AM. Plaintiff Union neither objected nor appeared for deposition. On November 24, 2009, defendant Stanford University noticed a second date for deposition of plaintiff Local Union 715 pursuant to Rule 30(b)(6). The deposition was scheduled to be held on November 30, 2009 at 9AM. Again, plaintiff Union neither objected nor appeared for deposition.

Subsequent efforts by defendant Stanford University to meet and confer with plaintiffs have proven futile. Plaintiffs have not responded whatsoever to any correspondence, facsimiles, emails or telephone messages.

## LEGAL STANDARD

A party may serve another party with document requests within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "The party to whom the request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. (B)(2)(A).

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

[2] Defendant Stanford University presents certain evidence that plaintiff's counsel may not have had authority to name Local Union 715 as a plaintiff in the above-captioned action. *See, e.g.,* Declaration of Carol C. Copsey In Support of Motion to Compel Plaintiff Union's Deposition, ¶ 7, Exh. B. Based on the docket (and pleadings therein), however, it appears that plaintiff Local Union 715 has been named as a plaintiff here. Nevertheless, the issue whether plaintiff's counsel may have had or may not have had authority to name Local Union 715 as a plaintiff is not before this court.

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002). Unless a party objects to producing any documents requested, it must produce the requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

A party may name as a deponent "a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Rule 30(b)(6). In turn, "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.*

Pursuant to Rule 37(a), "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

## DISCUSSION

Neither plaintiff has responded to either of the two document requests served by defendant Stanford University.  Additionally, plaintiff Local Union 715 has failed to appear for the two depositions that had been noticed pursuant to Rule 30(b)(6).  Plaintiffs have also failed to respond to any subsequent efforts to contact them regarding the lack of discovery.

Pursuant to Rule 37(a), defendant Stanford University has moved to compel plaintiffs to produce documents and has moved to compel plaintiff Local Union 715 to appear for deposition pursuant to Rule 30(b)(6).  Plaintiffs have not opposed (or otherwise responded to) any of these motions.  Accordingly, defendant Stanford University's two motions to compel are granted and plaintiffs' objections are waived.[3]

Defendant Stanford University's motion for sanctions is denied without prejudice to a renewed motion.  Civ. L.R. 7-8(a) requires that any motion for sanctions be separately filed.

## CONCLUSION

For the foregoing reasons, defendant Stanford's two motions to compel are granted. Plaintiffs shall serve their responses to document requests no later than January 25, 2010.  The parties shall schedule the deposition pursuant to Rule 30(b)(6) no later than February 5, 2010.

IT IS SO ORDERED.

Dated: January 12, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[3] Had plaintiff Local Union 715 timely responded to the document requests, it likely would have objected to certain document requests.  *See, e.g.,* Defendant's Request for Production of Documents to Plaintiff, Set One (Request No. 23: All documents related to your retainer and authorization of Steven Zavodnik as your legal representative and counsel of record in this case).