UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STANFORD WORKERS LOCAL 715, ET AL.,<br><br>     Plaintiffs,<br> v.<br><br>LELAND STANFORD JUNIOR UNIVERSITY,<br>     Defendant. | Case No. C 07-04061 JW (PVT)<br><br>**ORDER GRANTING AS UNOPPOSED DEFENDANT LELAND STANFORD JUNIOR UNIVERSITY'S MOTION FOR PAYMENT OF EXPENSES**<br><br>**[Docket No. 107]** |

  Pursuant to Rule 37(a)(5), defendant Leland Stanford Junior University moves for payment of reasonable expenses, including attorneys' fees. ("defendant" or "Stanford University"). Plaintiffs United Stanford Workers, Local 715, Service Employees International Union, AFL-CIO/CLC and James Lee Stewart have not opposed the motion. (collectively "plaintiffs"). Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on March 30, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

  IT IS HEREBY ORDERED that defendant Stanford University's motion for payment of expenses is granted as unopposed.[1]

---

[1] The holding of this court is limited to the facts and particular circumstances underlying the present motions.

On January 12, 2010, the court granted defendant Stanford University's two motions to compel: (1) a motion to compel further requests for production of documents; and (2) a motion to compel the deposition of plaintiff Local Union 715, Service Employees International Union, AFL-CIO/CLC pursuant to Rule 30(b)(6). ("January 12, 2010 Order"). *See* Docket No. 104. Plaintiffs did not oppose the motions.

Rule 37(a)(5) states:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed– the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 27(a)(5).

Here, the court granted defendant Stanford University's two motions to compel. Plaintiffs were afforded the opportunity to oppose the two motions but did not do so whatsoever. Moreover, defendant Stanford University did make good faith efforts to resolve the discovery disputes prior to moving to compel, plaintiffs' nondisclosure, response or objection was not substantially justified, and other circumstances do not make an award of expenses unjust. *See, e.g.,* Declaration of Carol C. Copsey in Support of Defendant's Motion for Expenses re Motion to Compel, ("Copsey Decl.") ¶¶ 2-3, 5-8. Finally, the court notes that plaintiffs' counsel has not withdrawn and remains their counsel of record in the above-captioned action. In addition, the court notes that plaintiffs' counsel is an active member of the state bar and his contact information appears current.

For the two motions to compel, defendant Stanford University states that it incurred attorneys' fees in the amount of $2,520 (or $1,260 for each motion to compel) and court reporter fees in the amount of $326. Copsey Decl., ¶¶ 4, 9. In addition, defendant Stanford University states that it has incurred attorneys' fees in the amount of $560 for this motion. Copsey Decl., ¶

10.

Based on the above, defendant Stanford's motion for payment of expenses is granted as unopposed. Plaintiffs' counsel shall remit total payment in the amount of $3,406 to defendant Stanford University no later than March 24, 2010.

IT IS SO ORDERED.

Dated: March 15, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge